278 So.2d 260 (1973)
Michael CANNEY, Petitioner,
v.
BOARD OF PUBLIC INSTRUCTION OF ALACHUA COUNTY, Florida, Respondent (two cases).
Nos. 39473, 39474.
Supreme Court of Florida.
April 6, 1973.
*261 Harold B. Wahl, of Loftin & Wahl; Jacksonville, Margaret Kathleen Wright, for petitioner.
Leo L. Foster, Tallahassee, for respondent.
Robert L. Shevin, Atty. Gen., Barry Scott Richard, Deputy Atty. Gen., as amicus curiae.
Dan Paul of Paul & Thomson, Miami, as amicus curiae, for Miami Herald Pub. Co. and Gainesville Sun Pub. Co.
Harold B. Wahl, Jacksonville, as Atty. for amicus curiae, Fla. Pub. Co.

*262 ON REHEARING GRANTED
ADKINS, Justice.
Certiorari was granted in this cause to review the decision of the District Court of Appeal, First District, (231 So.2d 34), on the ground of direct conflict with the opinion of the District Court of Appeal, Second District, in Times Publishing Co. v. Williams, Fla.App., 222 So.2d 470. We have jurisdiction. Sunad, Inc. v. City of Sarasota, Fla., 122 So.2d 611.
Petitioner contends that the Government in the Sunshine Law, Fla. Stat. § 286.011, F.S.A., was violated by the School Board when it recessed a hearing to reach a decision. Admittedly, the School Board was acting in a quasi-judicial capacity. The District Court reached the conclusion that the conference held by the School Board was privileged and did not fall within the purview of the cited statute.
The question presented here is whether under the separation of powers doctrine a county school board, acting in a quasi-judicial capacity, is a part of the legislative branch of government. If a county school board is a part of the legislative branch, then the Government in the Sunshine Law should be applicable, and any exception or amendment should be considered by the legislative, not the judicial branch.
The true meaning of the separation doctrine is that the whole power should not be exercised by the same hands which possess the whole power of either of the other departments. See Administrative Law by Forkosch, § 36, p. 36. Except in the comparatively rare cases where a combination of powers in a single agency was deemed to threaten, in some measure, the restrictive primacies of the Legislature or of the courts, the states have sustained the statutory delegation of combined legislative, prosecutory, and judicial powers to agencies. See State Administration Law by Cooper, Vol. 1, § 2(B), p. 25.
As stated by this Court in McRae v. Robbins, 151 Fla. 109, 9 So.2d 284 (1942):
"Where a statutory board, commission or officer or other tribunal or agency is lawfully given administrative and limited quasi-legislative or quasi-judicial authority or duties, such authority or duties must not include any substantive legislative or judicial powers that may not be delegated; and such authority must be duly defined and limited by laws complete in themselves in prescribing delegated authority, so that by appropriate judicial review and control any action taken pursuant to such delegated authority or duties may be kept within the defined limits of the authority conferred and within the express and implied limitations of all controlling provisions and principles of dominant law." (p. 290)
As a general rule administrative agencies have no general judicial powers, notwithstanding they may perform some quasi-judicial duties, and the Legislature may not authorize officers or bodies to exercise powers which are essentially judicial in their nature. See State ex rel. Watson v. Caldwell, 156 Fla. 618, 23 So.2d 855 (1945); 73 C.J.S., Public Administrative Bodies and Procedure, § 36.
An adjudicatorial proceeding before a public administrative officer or body is not an action at law. 73 C.J.S., Public Administrative Bodies and Procedure, § 115. The administrative body is not a part of the judiciary and this Court can not promulgate rules of practice and procedure for administrative bodies (except in those instances where the constitution or laws so provide), as it may in the instance of State courts as provided in art. V, § 3, Fla. Const. (1968), F.S.A.
Where the rights of an individual are concerned, due process requires that he be given an opportunity to be heard and that he be given a fair hearing by an impartial body. See Board of Public Instruction *263 v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969).
It is well settled that notice of charges and an opportunity to be heard are essential to due process and required when a student is dropped from school for disciplinary reasons. However, such is not required when the dismissal is for academic failure. Woody v. Burns, 188 So.2d 56 (Fla.App.1st, 1966); Militana v. University of Miami, 236 So.2d 162 (Fla.App.3d, 1970). In Woody v. Burns, supra, the District Court of Appeal, First District, said that "a full-dress judicial hearing is not required" in order to meet the minimum criteria of due process governing disciplinary bodies. This constitutional limitation on the procedure before administrative bodies does not make such bodies a part of the judiciary.
Once the Legislature transforms a portion of a board's responsibilities and duties into that of a judicial character so that the board may exercise quasi-judicial functions, the prerogatives of the Legislature in the matter do not cease. The Administrative Procedure Act (Fla. Stat. § 120.20 et seq. F.S.A.), establishes minimum requirements for the adjudication of any party's legal rights, duties, privileges or immunities by state agencies. If the Legislature may delegate these quasi-judicial powers to the School Board and regulate the procedure to be followed in hearings before the board, it follows as a matter of common logic that the Legislature may further require all meetings of the board at which official acts are to be taken to be public meetings open to the public. A board exercising quasi-judicial functions is not a part of the judicial branch of government.
The obvious intent of the Government in the Sunshine Law, supra, was to cover any gathering of some of the members of a public board where those members discuss some matters on which foreseeable official action will be taken by the board. The statute, having been enacted for the public benefit, should be interpreted most favorably to the public. Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969).
There is no question as to legislative intent, as the arguments made in this case were also made in the Legislature and rejected. The Sunshine Law, Chapter 67-356, originated with Senate Bill 9 in the 1967 Legislature. When the House considered the bill, it adopted an amendment which read, "This act shall not apply to hearings involving individuals charged with violations of laws or regulations respecting employment." I Journal of the House of Representatives 959 (June 5, 1967). This amendment was not accepted by the Senate and the bill was ultimately passed without such an amendment. This decision conforms with this intent.
"Quasi Judicial" has been broadly defined as follows:
"A term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature." Black's Law Dictionary (Fourth Edition, p. 1411)
The characterization of a decisional-making process by a School Board as "quasi-judicial" does not make the body into a judicial body. A county school board should not be authorized to avoid the Government in the Sunshine Law by making its own determination that an act is quasi-judicial. Secret meetings would be prevalent. The correct understanding of the terminology "quasi-judicial" means only that the School Board is acting under certain constitutional strictures which have been enforced upon all administrative boards and not that the School Board has become a part of the judicial branch. To hold otherwise would be to combine the legislative and judicial functions in one *264 body clearly contrary to the separation of powers doctrine. The judiciary should not encroach upon the Legislature's right to require that the activities of the School Board be conducted in the "sunshine."
Various boards and agencies have obviously attempted to read exceptions into the Government in the Sunshine Law which do not exist. Even though their intentions may be sincere, such boards and agencies should not be allowed to circumvent the plain provisions of the statute. The benefit to the public far outweighs the inconvenience of the board or agency. If the board or agency feels aggrieved, then the remedy lies in the halls of the Legislature and not in efforts to circumvent the plain provisions of the statute by devious ways in the hope that the judiciary will read some exception into the law.
The opinion and judgment of the District Court of Appeal, First District, is quashed and this cause is remanded with directions that it be further remanded to the Board of Public Instruction of Alachua County, Florida, with instructions to vacate any resolution, rule, regulation or formal action taken by it in connection with this cause.
It is so ordered.
ERVIN, BOYD and McCAIN, JJ., concur.
DEKLE, J., dissents with opinion.
CARLTON, C.J., and ROBERTS, J., dissent and concur with DEKLE, J.
DEKLE, Justice (dissenting):
The Legislature itself has recognized its grant of quasi-judicial powers to various boards and agencies as "something apart" from those agencies' principle functions, and that they are to be treated in a different manner. This is reflected in the Legislature's adoption of the Administrative Procedure Act,[1] which sets forth the procedure (like our court rules) regulating the exercise of that quasi-judicial power granted to the agency. It is apparent that such distinctive quasi-judicial activity was never intended to be melded into an agency's regular duties and responsibilities and thereby treated in a "non-judicial" manner in its consideration. I believe that the Legislature is as conscious as anyone in preserving private rights and due process of individuals who may come before a board or agency and that the Legislature intended to insure that those rights were afforded in accordance with due process in a judicious manner, as reflected by adoption of the Administrative Procedure Act for state agencies.[2]
The regular activities of an agency and those which are quasi-judicial are altogether different. Those rights of persons and property involved in a hearing should be preserved in a judicial atmosphere which is essential to a fair and impartial deliberation upon the rights involved. To afford less in such a judicial type of proceeding would be a denial of due process and of a fair hearing in which a person's rights and interests are at stake, as much as if he were before a judicial tribunal. We might as well return to the Roman Arena for a "thumbs up or thumbs down" result by the public clamor if we are to eliminate the judicial protections and safeguards in matters of this kind.
It should be noted that the grant of quasi-judicial powers set forth in the New Judicial Article V, § 1, stands independent of the Legislature's provision regarding the "sunshine" restriction. It was not necessary to have an express exception in the "sunshine" law itself; the quasi-judicial *265 function being an independent one stands independently without having to be excepted any more than our courts as judicial bodies need to have been expressly stated to be exceptions to the sunshine law. This is recognized as the judicial protection basicly afforded to all persons. The simple fact that such quasi-judicial proceedings are not fully judicial does not deprive them of their basic constitutional protections and safeguards to the individuals or properties involved in that type of proceeding. And it is fully judicial for the particular proceeding, insofar as the matter involved is concerned.
It is not necessary that administrative agencies become actual full-fledged judicial bodies in order to function in a judicial atmosphere. To hold otherwise diminishes the constitutional right to a judicial consideration by quasi-judicial bodies in matters fully as important as those which may come before a full-fledged judiciary. They do not change in their importance and protection by virtue of being heard by a body whose regular duties are otherwise, when that body convenes in a proceeding which is judicial in nature. If this is not recognized it will destroy the traditional quasi-judicial functions of enumerable bodies and important agencies considering questions of vital and far-reaching effect.
Such a holding as the majority sets forth will only invite further federal intrusion where the state neglects the constitutional rights and privileges of those persons and property interests which are involved in quasi-judicial hearings.
The result of depriving an administrative body of free deliberation among themselves, just as a regular judicial body or jury may do, is to shut off the free flow of discussion among them and an exchange of ideas and an open discussion of differing views to the end that a fair and just result may be reached by the body based upon the evidence and arguments at the hearing. Ask any juror. The answer will be that the free interchange and discussion among the group is essential to a fair and just conclusion of the interests before them for decision. This is not the area in which one need fear the alleged "private deals" and extraneous considerations to the matter at hand, so that really the asserted reason undergirding the sunshine law is not present in a judicial deliberation of a matter before an administrative board for a review of judicial character. The basic concept of the "right of the public to know" is fulfilled upon reaching such a fair and just result which is then publicly conveyed.
The quasi-judicial function, wherever it is exercised, is "primarily" and indeed totally involved at that moment by any such board, commission or agency. The quasi-judicial board must therefore be allowed such independence as may be necessary to meet the minimum criteria of due process. This is my earlier and fundamental premise for allowing the free exchange in such bodies' deliberations on matters of a judicial nature. Although such quasi-judicial boards are not a part of the judicial branch of government, their independence in making decisions must be preserved.
For these reasons then, (1) a denial of due process and equal protection, (2) due process in the judicial consideration, and (3) independence of any proceeding of a judicial character, the sunshine law does not extend into the deliberations of quasi-judicial matters any more than into the jury room or judicial conferences and accordingly there is no conflict with prior cases on the subject. Times Publishing Co. v. Williams, 222 So.2d 470 (Fla.App.2d 1969); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); and Central Truck Lines v. King, 146 So.2d 370 (Fla. 1962).
I would accordingly discharge the writ of certiorari in this cause.
CARLTON, C.J., and ROBERTS, J., concur.
NOTES
[1] Fla. Stat. Ch. 120.
[2] Fla. Stat. § 120.20: "Legislative intent for part II.  It is the intent of the legislature to establish minimum requirements for the adjudication of any party's legal rights, duties, privileges or immunities by state agencies."