EXECUTIVE SESSION — SCHOOL BOARD The provisions of 25 O.S. 201 [25-201] (1971) prohibit a board of education from discussing student disciplinary matters or conducting student disciplinary hearings in executive session. The Attorney General has considered your request for an opinion on the following questions: 1. In light of recent federal court decisions and the provisions of Title 10 O.S. 1111 [10-1111], is it permissible for a school district board of education to discuss student disciplinary matters in executive session? 2. In light of recent federal court decisions and the provisions of 10 O.S. 1111 [10-1111], is it permissible to conduct a student disciplinary hearing totally in executive session? Your questions call for a consideration of 25 O.S. 201 [25-201] (1971), commonly referred to as the Open Meeting Law, which provides in pertinent part: "All meetings of the governing bodies of . . . boards of public and higher education . . . must be public meetings . . . Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded." It is apparent from the terms of the above quoted statute that the only exception to the Open Meeting Law relates to discussions con cerning a public officer or employee. A plain reading of the statute, therefore, makes apparent that no exception from the open meeting requirement is made for discussion of student disciplinary matters or for the conduct of student disciplinary hearings. Your request calls our attention to 10 O.S. 1111 [10-1111] (1971) wherein it is provided: "All cases of children shall be heard separately from the trial of cases against adults . . . . The hearings shall be private unless specifically ordered by the judge to be conducted in public. . ." However, Section 10 O.S. 1111 [10-1111] concerns hearings to be conducted by the District Court relative to dependent or delinquent children. By its terms, the statute refers to court proceedings and can have no application to meetings or hearings of an administrative body such as a school board. Your request also asks that we review recent court decisions. Our research reveals no decisions requiring school board meetings considering student disciplinary matters to be conducted in executive session. The recent case of Canney v. Board of Public Instruction of Alachua County, Fla., 278 So.2d 260, considered the question of whether a board of education could recess a student disciplinary hearing and go into executive session to reach a decision. The argument was made that an exception should be made to the open meeting law where the board is acting in a quasi judicial capacity. The Court held that the fact that the school board exercises quasi judicial functions does not make it a part of the judicial branch of the government: "Various boards and agencies have obviously attempted to read exceptions into the Government in the Sunshine Law which does not exist. Even though their intentions may be sincere, such boards and agencies should not be allowed to circumvent the plain provisions of the statute." It is, therefore, the opinion of the Attorney General that your questions be answered in the negative. The provisions of 25 O.S. 201 [25-201] (1971) prohibit a board of education from discussing student disciplinary matters or conducting student disciplinary hearings in executive session. (Joe C. Lockhart) ** SEE: OPINION NO. 75-197 (1975) **