QUESTION: Are employee grievance committee hearings at Florida State University subject to s. 286.011, F.S., the Government in the Sunshine Law?
SUMMARY: Employee grievance committee hearings of career service personnel at Florida State University are subject to s. 286.011, F.S., the Government in the Sunshine Law. According to the Florida State University operating procedures, grievance committees which are formed for the purpose of reviewing employee grievances are composed of three members: One selected by the employee, a chairman (who is also a voting member, appointed by the president of the university), and one member selected by the other two members. Employee grievance hearings held at the request of university employees in the Career Service System are governed by Ch. 110, F.S., which is implemented at Ch. 22A-10, F.A.C. Neither the enabling legislation, i.e., Ch. 110, nor the rules and regulations promulgated thereunder nor the Florida State University operating procedures specify whether grievance committee hearings are subject to any "open-meeting" requirement. The authority of the Department of Administration, through the Division of Personnel, to adopt rules and regulations regarding career service personnel grievances is found at s. 110.022(1)(g), F.S. The Division of Personnel has adopted such procedures at 22A-10, F.A.C. The authority to establish written procedures by which grievances shall be handled is delegated to each agency head. Chapter 22A-10.02(a). Such procedures must fully comply with the provisions of Ch. 22A-10 and must be approved by the state personnel director prior to implementation. Id. Each agency's approved procedures for handling grievances must provide for a grievance committee of three or five members whose job it is to receive grievances and make findings and recommendations to the agency head whose decision is deemed final in all grievances. See, generally, Ch. 22A-10.04. The Sunshine Law provides at s.286.011(1), F.S., that All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting. In enacting the Sunshine Law, "the Legislature intended to extend application of the `open meeting' concept so as to bind every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control." Miami Beach v. Berns, 245 So.2d 38, 40 (Fla. 1971). The Department of Administration and the Division of Personnel are both state agencies as defined at s. 20.031(11), F.S. A state university has been held to be a state (or public) agency. Lieberman v. Marshall,236 So.2d 120 (Fla. 1970). Accordingly, all meetings of any board or commission of the department, the division, and the university which relate to any matter on which foreseeable action will be taken are subject to the Sunshine Law. When the university, through its president, and with the approval of the division, delegates the power to hear employee grievances to a committee, the meetings of such committee are likewise subject to the Sunshine Law. The committee, which is established pursuant to law, makes recommendations and findings upon which "foreseeable action" will be taken in the form of a final decision by the agency head, in this case, the university president. The fact that only one member of the committee is appointed directly by the agency head is of no import. The fact that the committee is acting as an "arm of the division of personnel," even though in an advisory capacity, is of importance. In Town of Palm Beach v. Gradison,296 So.2d 473 (Fla. 1974), rehearing denied July 18, 1974, the Supreme Court ruled that an advisory body, composed of private citizens, which performed a governmental function was subject to the Sunshine Law. When an advisory body is established by a governmental agency, performs what is essentially a governmental function, and meets on matters on which foreseeable action will be taken, the meetings and deliberations of such a body must be held in the sunshine. Canney v. Board of Public Instruction of Alachua Co., 278 So.2d 260 (Fla. 1973). Moreover, an unintended violation of the Sunshine Law negates an action taken by the advisory body. Section 286.011, F.S.; Town of Palm Beach, supra, at 9. Since the grievance committee is established pursuant to law, see Ch. 22A-10.04, F.A.C., is performing what is essentially a governmental function in hearing career service employee grievances, and meets on matters on which foreseeable action will be taken by the agency head [Ch. 22A-10.04(d)(13)] and in some instances the Division of Personnel, the meetings and deliberations of the grievance committee are likewise subject to the Sunshine Law. The Division of Personnel, Department of Administration, cannot avoid the requirements of the Sunshine Law by delegating to a grievance committee the power to hear employee grievances. There is no "government by delegation" exception to the Sunshine Law. I.D.S. Properties, Inc. v. Town of Palm Beach,270 So.2d 353, 356 (4 D.C.A. Fla., 1973). When any committee, board, authority, commission, or the like is established pursuant to law and is delegated the power to perform governmental functions and the members of such body exercise such powers by making findings of fact and recommendations to an agency of the state, such committee must comply with s. 286.011, F.S.