QUESTION: Is the Consultants' Competitive Negotiation Act, s.287.055, F.S., applicable to the Orange County Civic Facilities Authority, created by the legislature in Ch. 71- 803, Laws of Florida?
SUMMARY: Pending legislative or judicial clarification, the Orange County Civic Facilities Authority should comply with the provisions of the Consultants' Competitive Negotiation Act, s.287.055, F.S., in contracting for the professional services of architects, engineers, and registered land surveyors. The Act in question ("CCNA" hereafter) applies to any agency with the power or duty to contract for the professional services of an architect, engineer, or registered land surveyor and defines "agency" to mean"the state, or a state agency, municipality, or political subdivision, a school district or a school board." (Emphasis supplied.) A county is, of course, the only constitutional and, technically, the only real political subdivision of the state. However, if the legislature had intended to refer only to a county in its definition of "agency," it seems it would have used that term and not the more general word "political subdivision"; and I have heretofore ruled in AGO 074-89 that a special taxing district (the West Orange Memorial Hospital Tax District) is a "political subdivision" within the purview of the CCNA. Section 1.01(9), F. S., provides that, where the context will permit, the words "public body," "body politic," or "political subdivision" include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state." And in construing the Standards of Conduct Law in effect prior to the 1974 revision made by Ch. 74-177, Laws of Florida, ss. 112.311-112.318, F.S. 1973, my predecessor in office and I have consistently ruled that members of the governing bodies of special districts and authorities were within the purview of and subject to the standards of conduct prescribed therein for officers and employees of "a state agency or of a county, city, or other political subdivision of the state." (Emphasis supplied.) Attorney General Opinions SC69-15, SC69-23, 073-121, 073- 160, and 074-159. As noted in AGO 074-159 (relating to the Hillsborough County Aviation Authority), such a conclusion is in accord with the general characterization of a political subdivision as a division of a state created for the purpose of discharging some function of local government and with the legislative intent as expressed therein that the law should serve as a guide for the official conduct of "public servants in this state." The authority here in question was created by Ch. 71-803, Laws of Florida, as a "public body, politic and corporate" in Orange County for the purpose of planning, constructing, and operating facilities and sites for the holding of conventions and expositions, and civic, cultural, recreational, athletic, and similar events and activities. It is vested by the statute with all the powers generally exercised by a corporate body in carrying out the purposes for which it was created and may borrow money and issue revenue bonds to finance its projects and activities. It was said in AGO 073-216 that the CCNA was designed to provide procedures for state and local government agencies to follow in the employment of professional service consultants so as to make more competitive the contracting for professional services and to require the employing of the most qualified and competent individuals and firms at fair, competitive, and reasonable compensation. It was enacted for the public benefit and thus should be interpreted most favorably to the public. Cf. Canney v. Board of Public Instruction of Alachua Cty., 278 So.2d 260, 263
(Fla. 1973). No reasonable basis is apparent for distinguishing between a special taxing district and an "authority," insofar as the public purpose sought to be achieved by the CCNA is concerned. This is particularly true where, as here, the statutory entity was created to carry out a public purpose — the planning and construction of public facilities — in which the professional services covered by the CCNA would be most needed. I have the view, therefore, that, pending legislative or judicial clarification, the Orange County Civic Facilities Authority should comply with the CCNA in contracting for the professional services of architects, engineers, and registered land surveyors.