QUESTION: Is s. 286.011, F.S., applicable to conciliation conferences conducted by the Human Relations Review Board of the City of Orlando?
SUMMARY: Section 286.011, F.S., Florida's Government in the Sunshine Law, is applicable to conciliation conferences conducted by the Human Relations Board of the City of Orlando. According to your letter, the board was established by Ch. 57 of the City Code and charged with the responsibility of receiving, investigating, and passing upon complaints of discriminatory practices. In this function, the board is assisted by the Director of the Human Relations Department who is also an ex officio nonvoting member of the board. Upon the filing of a complaint, an investigation is conducted by the Director of the Human Relations Department who then reports to the board. If the board "determines that there are reasonable grounds to believe an unlawful discriminatory practice has occurred and is susceptible to conciliation, the Board shall have fifteen days within which to attempt to conciliate the matter by methods of initial conference and persuasion" with all interested parties or their designated representatives. If the board is unsuccessful in conciliating a complaint or determines that a complaint is not susceptible to conciliation, a public hearing is scheduled and evidence received. After making findings of fact, if the board determines that an unlawful discriminatory practice has occurred, it then issues such remedial orders as are necessary. The Sunshine Law, s. 286.011, F.S., is applicable to any meeting of two or more members of a board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or any political subdivision at which official acts are to be taken by the governmental entity. The law is applicable to adjudicatorial proceedings before public administrative officers or bodies. Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973). The Human Relations Board, which was established pursuant to ordinance, falls within the ambit of the law. When two or more members of the board meet at a conference at which foreseeable action will be taken by the board, the Sunshine Law is applicable. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Cf. AGO 074-84 holding investigative inquiries of a state administrative board subject to s. 286.011. The sole statutory exception to the law is found at s. 477.023, F.S., effective January 1, 1975, the New Collective Bargaining Act, which allows nonpublic discussions between the chief executive officer of the public employer and the legislative body of the public employer relative to collective bargaining. Also see Bassett v. Braddock, 262 So.2d 425 (Fla. 1972).
Thus, the conciliation conferences of the board must be open to the public and the press pursuant to s. 286.011, F.S.