QUESTIONS: 1. Would participation of an applicant or the public during deliberations by the Tampa Bay Regional Planning Council concerning a development of regional impact constitute an improperly held public hearing? 2. May a regional council hold a public hearing when deliberating a staff development of regional impact report or when considering the appeal of a development of regional impact order issued by a local government?
SUMMARY: Participation of an applicant or the public during deliberations by the Tampa Bay Regional Planning Council concerning a development of regional impact would not constitute an improperly held public hearing. Since the council is subject to s. 286.011, F.S., the Government in the Sunshine Law, all phases of any meeting of the council, including deliberations, must be held in the sunshine. Section 160.02, F.S., empowers the council to hold public hearings whenever it deems it necessary or useful in the execution of its functions. The 1972 Environmental Land and Water Management Act, Ch. 380, F.S., requires the regional planning agency, i.e., the Tampa Bay Regional Planning Council, to prepare and submit to the local government a report, along with recommendations, on the regional impact of a proposed development. Section 380.06(8). In preparing its report and recommendations, s.380.06(8)(a)-(f) requires the council to consider whether and the extent to which: (a) The development will have a favorable or unfavorable impact on the environment and natural resources of the region; (b) The development will have a favorable or unfavorable impact on the economy of the region; (c) The development will efficiently use or unduly burden water, sewer, solid waste disposal, or other necessary public facilities; (d) The development will efficiently use or unduly burden public transportation facilities; (e) The development will favorably or adversely affect the ability of people to find adequate housing reasonably accessible to their places of employment; and (f) The development complies or does not comply with such other criteria for determining regional impact as the regional planning agency shall deem appropriate. The council presently reviews the staff recommendations and report at its monthly council board meeting, which is open to the public. However, the public is not allowed to participate while the board members deliberate the staff report and recommendations. It has been the opinion of the council that participation by the public may constitute an improperly held public hearing since a public hearing on these matters is the sole prerogative and responsibility of the affected local government pursuant to s. 380.06(7), F.S. Section 380.06(7), F.S., requires the appropriate local governmental body to give notice and hold a hearing on an application for development approval in the same manner, with three added requirements, as for a rezoning under s. 176.051, F.S., or as provided under the appropriate general or special law. While s. 380.06 does not specifically require the council, as it does the affected local government, to hold public hearings and deliberations on the proposed development, there is significantly nothing in the statute which allows any phase of the council meeting to be closed to the public or an applicant. The Sunshine Law, s. 286.011, F.S., provides: All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting. (Emphasis supplied.) The Tampa Bay Regional Planning Council, which is composed of fourteen counties and municipalities, was established pursuant to s. 160.01, F.S. The functions, powers, and duties of a regional planning council are set forth at s. 160.02, F.S. The council is charged with the duty to act in an advisory capacity to the constituent local governments in regional, metropolitan, county, and municipal planning matters involving . . . land use, water resources, highways, recreational areas, public schools, sewage and garbage disposal, public libraries, urban redevelopment and other matters concerning the acquisition, planning, construction, development, financing, control, use, improvement and disposition of lands, buildings, structures, facilities, goods or services in the interest of the public, or for public purposes involving the expenditure of public funds. Section 160.02(10), F.S. In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), the court ruled that an advisory planning committee composed of private citizens appointed by a governmental unit in order to assist in formulating a comprehensive zoning plan was subject to the Government in the Sunshine Law. Accord: Attorney General Opinion 073-159. Since the citizens planning committee was conceived and appointed by the town council and made recommendations to the town council concerning matters on which "foreseeable action would be taken," the advisory committee was found to be acting as an "arm of the council" and, hence, within the purview of the law. Similarly, the Tampa Bay Regional Planning Council is likewise subject to the operation of the Sunshine Law. The council, which is established by law, is composed of members appointed by the participating counties and municipalities. It acts in an advisory capacity to local governmental bodies by submitting a report and recommendations to the appropriate local government when an application for development approval has been filed with one of the local governmental bodies. The fact that the affected local government is specifically required by s. 380.06(7), F.S., to hold public hearings on the application for development approval does not serve to exempt the council from the "open meeting" requirement of the Sunshine Law. To the contrary, s. 160.02(6), F. S., empowers the council "[t]o hold public hearings and sponsor public forums in any part of the regional area whenever it deems it necessary or useful in the execution of its other functions." Thus, while s. 160.02(6), F.S., empowers the council to hold public hearings and sponsor public forums when it is necessary or useful, the Sunshine Law requires that any meeting of two or more members of the council at which foreseeable action will be taken be open to the public. Additionally, the Sunshine Law requires all phases of a meeting of the council to be open to the public. There is no exception to the law which would allow the council during a meeting to deliberate on any matter before the council in secret. Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973).