QUESTIONS: 1. Must the Assessment Administration Review Commission conduct its discussions, interviews, and decision-making procedures in the engagement of a law officer in the "sunshine"? 2. Must the commission conduct its nonsubstantive business in the "sunshine"; to what extent may such business be conducted on the telephone or by mail?
SUMMARY: The State Assessment Administration Review Commission is subject to the Sunshine Law (s. 286.011, F.S.) and must conduct all of its discussions, interviews, and decisionmaking procedures in the sunshine, including the engagement of its law officer. The commission must also conduct its nonsubstantive business (unrelated to its adjudicatory functions) in the sunshine if such business requires board action or appropriately should be brought before the board for consideration. Section 286.011, F.S., Florida's Government in the Sunshine Law, states in pertinent part: All meetings of any board or commission of any state agency or authority . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such meeting. The Assessment Administration Review Commission, which was created pursuant to Art. V, s. 1, State Const., has adjudicatory authority to hear complaints relating to approval or disapproval of assessment rolls. Section 195.098(1), F.S. The members of the commission are appointed by the Governor with the consent of three members of the Cabinet and are subject to approval by the Senate. In Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973), the court held that an administrative board which exercised "quasi-judicial" functions was subject to the Sunshine Law since the mere exercise of quasi-judicial powers does not make a public board into part of the judicial branch of government. Canney, at 263. As noted by Chief Justice Adkins: The correct understanding of the terminology "quasijudicial" means only that the School Board is acting under certain constitutional strictures which have been enforced upon all administrative boards and not that the school board has become a part of the judicial branch. To hold otherwise would be to combine the legislative and judicial functions in one body clearly contrary to the separation of powers doctrine. The judiciary should not encroach upon the Legislature's right to require that the activities of the School Board be conducted in the "sunshine." [But see Scholastic Systems, Inc. v. LeLoup, !mLN!x So.2d !mLN!x (Fla. 1975) (Dekle, J.).] Commissions or administrative bodies established by the Legislature under Art. V, s. 1, State Const., adopted at the special election on May 14, 1972, are not vested with any part of the judicial power of the state, nor are they a part of the judicial branch of government. Such commissions possess quasi-judicial power only in matters connected with the functions of their offices prescribed by law. Since the adoption of the present Sunshine Law, the courts have stated, almost without exception, that all phases of the decisionmaking process must be conducted in the sunshine. Every thought, as well as every affirmative act, of a public official as it relates to and is within the scope of his official duties, is a matter of public concern; and it is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. * * * * * . . . It is also how and why the officials decided to so act which interests the public. . . . [T]he legislature could only have meant to include therein the acts of deliberating, discussion and deciding occurring prior and leading up to the affirmative "formal action" . . . . [Times Publishing Co. v. Williams, 222 So.2d 470, 374-374 (2 D.C.A. Fla., 1969).] Also see AGO 071-389 holding that employment interviews conducted by a school board are subject to the Sunshine Law. Your first question is, therefore, answered in the affirmative. The Sunshine Law is applicable to all functions of covered boards and commissions, whether formal or informal, which relate to the affairs and duties of said board or commission. If the "nonsubstantive" business referred to in your inquiry, even if entirely unrelated to the commission's adjudicatory function, is business which requires the approval or consideration of the entire board or concerns matters which appropriately should be considered and discussed by the board members, then s. 286.011, F.S., requires such business to be conducted in the sunshine. The extent to which public business may be conducted informally via telephone was discussed in AGO 071-32, holding that a telephone conversation between members of a public board is not illegal per se, but such conversations on aspects of the public's business may not be conducted covertly or in secret and fall within the ambit of the Sunshine Law.