QUESTIONS: 1. Is it proper for the director of a utilities authority to call each member of the utilities commission separately and to ask them to indicate their position on a specific matter which will be presented at a later time to the utilities commission when it presides in open session, or would such procedure constitute a violation of the Government in the Sunshine Law? 2. Is it proper for a city manager to call individual members of the city commission and to discuss individually with them a specific matter to obtain their opinion on said matter and to furnish information on which they could base a decision later at a public hearing?
SUMMARY: While not a violation per se of s. 286.011, F.S., the director of a utility authority and a city manager should refrain, whenever possible, from calling each member of their respective legislative bodies in order to ascertain the member's position on a specific matter which will be presented to said bodies in the foreseeable future. The City of Fort Pierce Utility Authority is a separate and distinct governing body in charge of the municipal utilities and is composed of five members who do not stand for election. The Government in the Sunshine Law, s. 286.011, F.S., provides: (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meetings. (Emphasis supplied.) From an examination of the statute, it is clear that a municipal utility authority falls within s.286.011. The Government in the Sunshine Law is not limited to meetings at which final, formal actions are taken. It applies to "any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board." Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973). The fact that only two members of a board or commission are involved in a secret meeting is of no import, for the test of whether a violation of the law has occurred is whether the members have dealt in secret with any matter on which foreseeable action may be taken by the board. Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973). In AGO 071-32, the following observation was made in regard to telephone communications between board members:
Thus, telephone conversations between public officials on aspects of the public's business are part of the process which ultimately leads up to final recorded action in a formal public meeting and should not be held covertly. These conversations come within the ambit of the Sunshine Law and must be subjected to the scrutiny of the public to the greatest extent possible. They may, therefore, not be held in secret, or in a place wholly inaccessible to members of the public or representatives of the news media for the specified purpose of and with clear intent to avoid the Sunshine Law's requirement. However, since in the instant situation the discussions are not between individual board members, I am inclined to the view that ordinarily such conversations are not prohibited by s. 286.011, F.S. It should be noted, however, that if the director is being used as a "liaison" to calculate the thoughts of the other members, see, e.g., AGO 074-47, or has been delegated the authority to act in the name of the board, see AGO's 074-294 and 074-84, then, in order to avoid the circumvention of the statute, such conversations would be found violative of the letter and spirit of the law. However, I must also advise against engaging in the specific type of discussions envisaged by your first question. The possible benefits which the director might gain from such meetings are far outweighed by the possible harm and potential for abuse which could ensue if such a procedure were to become an accepted practice. The spirit, if not the letter, of the Sunshine Law requires official decisions to be made in public after a full discussion by the members of a governmental board or commission. Additionally, it might be noted that after all of the members of the commission have verbally indicated their position on a given matter, the director alone becomes privy to information denied to the general public, i.e., the preliminary decision of the commission. Thus, I am of the view that, whenever possible, the director should refrain from calling each member of the commission separately and asking each member to state his or her position on a specific matter which will foreseeably be presented for consideration to the entire commission in open session. Your second question is answered by AGO 074-47, in which it was concluded that a city manager could meet individually with members of a city council to discuss city business provided he does not act as a "liaison" for board members by circulating information and thoughts of individual councilmen to the rest of the board. However, for the reasons expressed above, a city manager should likewise refrain, whenever possible, from calling each member of the legislative body in order to ascertain his or her position on a particular matter pending before such body.