QUETION:
May the Brevard County Personnel Council deliberate in private prior to reaching a decision as to whether or not the disciplinary action taken by the county against an employee is appropriate?
SUMMARY:
According to your letter, the Brevard County Personnel Council is a quasi-judicial body created by county ordinance. The council is composed of citizens appointed by members of the Brevard County Commission. The function of the personnel council is to hear appeals from Brevard County employees who have been dismissed, suspended, or otherwise disciplined by their supervisors. It is customary for the council to meet as soon as possible after receiving notice that an appeal has been taken. The hearings themselves consist of a presentation by the employee of his case as well as a presentation by a representative of the appointed authority. These hearings are being conducted in the sunshine.
The council wishes to know whether its deliberative discussion after the presentation of all testimony and evidence are also subject to the Government in the Sunshine Law, s. 286.011, F. S.
In Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973), the court held that no quasi-judicial exception exists under s. 286.011, F. S., which could be utilized to allow closed door hearings during a school board's deliberative process even when such board is acting in a quasi-judicial capacity. As succinctly summarized by Justice Adkins:
 The correct understanding of the terminology `quasi-judicial' means only that the School Board is acting under certain constitutional structures which have been enforced upon all administrative boards and not that a school board has become a part of the judicial branch. To hold otherwise would be to combine the legislative and judicial functions in one body clearly contrary to the separation of powers doctrine. The judiciary should not encroach upon the Legislature's right to require that the activities of the School Board be conducted in the `sunshine.'
On the basis of Canney, this office has concluded that all deliberations of a civil service board, AGO's 071-29 and 073-370, assessment administration review commission, AGO 075-37, and fair housing and employment appeals board, Informal opinion to Ms. Nikki Beare, April 20, 1977, were subject to the Sunshine Law notwithstanding the fact that said boards were acting in a quasi-judicial capacity.
Since the adoption of the present Sunshine Law in 1967, the courts have stated, almost without exceptions, that all phases of the decision-making process must be conducted in the sunshine.
 Every thought, as well as every affirmative act, of a public official as it relates to and is within the scope of his official duties, is a matter of public concern; and it is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us.
 . . . It is also how and why officials decided to act which interest the public . . . . [T]he legislature could only have meant to include therein the acts of deliberating, discussion, and deciding occurring prior and leading up to affirmative `formal action.' [Times Publishing Co. v. Williams, 222 So.2d 470, 474 (2 D.C.A. Fla., 1969).]
It should be noted, however, that, in State of Florida Department of Pollution Control v. Career Service Commission, 320 So.2d 846
(1 D.C.A. Fla., 1975), the court found the deliberations of the Career Service Commission to be exempt from the Sunshine Law since such proceedings are `. . . quasi-judicial and not subject to Chapter 286, Florida Statutes.' Subsequent to the issuance of Career Service Commission, supra, the Supreme Court again citedCanney for the proposition that the deliberations of the Public Service Commission were subject to the Sunshine Law notwithstanding the fact that such deliberations have been characterized as `quasi-judicial.' Occidental Chemical Company v. Mayo, ___ So.2d ___, Case No. 47, 928, filed July 14, 1977. This office recognizes the apparent conflict between these two decisions; however, until the Supreme Court recedes from its decision in Canney, no quasi-judicial exception exists under s.286.011, F. S., which would permit a board which exercises quasi-judicial powers to deliberate in secret.
Your question is, therefore, answered in the negative.
SUMMARY:
The Brevard County Personnel Council may not deliberate in private prior to reaching a decision as to whether or not the disciplinary action taken by the county against an employee is appropriate.
Prepared by: Sharyn L. Smith Assistant Attorney General