Mr. Charles J. Billias Cocoa Beach City Manager Post Office Box 322430 Cocoa Beach, Florida 32932-2430
Dear Mr. Billias:
You have asked for my opinion on substantially the following question:
Is it a violation of section 286.011, Florida Statutes, for elected city commissioners to attend other city board meetings and comment on agenda items that may subsequently come before the commission for final action?
In sum:
It is not a violation of the Government in the Sunshine Law for elected city commissioners to attend other city board meetings and comment on agenda items that may subsequently come before the commission for final action. However, the city commissioners in attendance at such meetings may not engage in a discussion or debate about these issues among themselves.
According to your letter, members of the City of Cocoa Beach Commission frequently attend meetings of various city boards. At these meetings city commissioners may comment on agenda items and non-agenda items, announcing that they are speaking as citizens and residents rather than as commissioners. More than one commissioner typically attends such board meetings, and on certain occasions all commissioners may be present at a meeting.
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, requires:
"All meetings of any board or commission of . . . any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
Application of the statute is not limited to meetings at which final, formal actions are taken. It applies to any gathering of members where members deal with some matter on which foreseeable action will be taken by the board.[1] Florida courts have recognized that it is the entire decision-making process that is covered by the Government in the Sunshine Law, not merely meetings at which a final vote is taken.[2]
This office has stated on several occasions that members of a public board or commission may attend private forums sponsored by private organizations and express their position about issues facing the commission without violating the Sunshine Law, so long as they do not discuss or debate the issues among themselves.[3]
This conclusion was based on the reasoning of an earlier Attorney General's Opinion holding that it was not a violation of the Sunshine Law for one commissioner to send a report to another commissioner for informational purposes, as long as there was no interaction between the commissioners.[4] Similarly, this office has concluded that the Sunshine Law is not violated by a board member expressing his or her views or voting intent on an upcoming matter to a news reporter who the member knows will publish the account in a local newspaper prior to the meeting, as long as the member is not using the reporter as an intermediary to communicate with other members to circumvent or evade the requirements of the Sunshine Law.[5]
Finally, in Attorney General's Opinion 98-79, this office considered whether a city commissioner or a group of commissioners could attend a community board meeting and express their views on a proposed ordinance that had been referred by the city commission to the community development board for a recommendation. The city commissioners were interested in attending the meeting of the community development board at which the board considered the ordinance in order to express their support or opposition to the ordinance. Based on a review of previously issued court opinions and Attorney General Opinions, the opinion concludes that
"[A] city commissioner may attend a community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. However, the city commissioners attending such meeting should be cautioned not to engage in debate or discussion with each other. The adoption of the ordinance is a responsibility resting with city commission, and the city commission's discussions and deliberations on the proposed ordinance must occur at a duly noticed city commission meeting. Moreover, if the community development board has been advised of the city commission members' intention to speak on the proposed ordinance, it may be advisable for the board, in noticing its meeting, to include notice of the possible attendance and participation of city commission members."[6]
You have described a situation similar to that considered in Attorney General Opinion 98-79, that is, members of the City of Cocoa Beach Commission wish to attend other city board meetings and comment on agenda items that may subsequently come before the commission for final action. Based on the reasoning of the cases and opinions discussed above, it is my opinion that city commission members may attend the meetings of other city boards or commissions to express their opinions and make comments on agenda items that may ultimately come before the city commission for consideration. Such attendance would not violate the Government in the Sunshine Law. However, if more than one city commissioner is in attendance at such a meeting, no discussion or debate may take place among the commissioners on these issues.
In sum, it is my opinion that it is not a violation of the Government in the Sunshine Law for elected city commissioners to attend other city board meetings and comment on agenda items that may subsequently come before the commission for final action. However, the city commissioners in attendance at such meetings may not engage in a discussion or debate about these issues among themselves.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Canney v. Board of Public Instructionof Alachua County, 278 So.2d 260 (Fla. 1973).
[2] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), disapproved in part on other grounds,Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985), in which the district court stated:
Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.
[3] See, Ops. Att'y Gen. Fla. 94-62 (1994) and 92-05 (1992), and Inf. Op. to Mr. John C. Randolf dated June 4, 1996.
[4] Attorney General Opinion 89-23 (1989).
[5] Attorney General's Opinion 81-42 (1981). Cf., Op. Att'y Gen. Fla. 77-138 (1977), stating that the Sunshine Law does not prohibit members of city commission from attending public meetings of a board established by the commission and subsequently voting at a public meeting of the commission on recommendations submitted by the board.
[6] Cf., Op. Att'y Gen. Fla. 91-95 (1991) (while county commissioner may attend a meeting of a county board on which another county commissioner serves, it may be advisable to include mention in the published notice of the county board meeting of county commission members' possible attendance and participation).