Mr. Joseph E. Adams Chair, Advisory Council on Condominiums Division of Florida Land Sales, Condominiums and Mobile Homes 1940 North Monroe Street Tallahassee, Florida 32399-1030
Dear Mr. Adams:
The Advisory Council on Condominiums has asked you, as chairman of the council, to request my opinion on substantially the following question:
Are meetings between a member of the Advisory Council on Condominiums and the Director of the Division of Florida Land Sales, Condominiums, and Mobile Homes, who serves as an ex officio, non-voting member of the council, subject to the provisions of section 286.011, Florida Statutes, the Government in the Sunshine Law?
You acknowledge that two voting members of the Advisory Council must comply with the Government in the Sunshine Law if they meet to discuss matters that could potentially come before the council. Your question relates to the applicability of the Sunshine Law to a meeting between a voting member of the council and a non-voting member.
In 2004, the Florida Legislature created the Advisory Council on Condominiums.[1] Pursuant to section 718.50151(1), Florida Statutes, the council is made up of seven appointed members: two appointed by the President of the Senate, two appointed by the Speaker of the House of Representatives, and three appointed by the Governor. The Director of the Division of Florida Land Sales, Condominiums, and Mobile Homes (division) of the Department of Business and Professional Regulation serves as an exofficio nonvoting member. The council is located within the division for administrative purposes. Council members serve without compensation but are entitled to receive per diem and travel expenses pursuant to section112.061, Florida Statutes, while they are conducting official business.
Section 718.50151(2), Florida Statutes, provides that the functions of the advisory council are to:
"(a) Receive, from the public, input regarding issues of concern with respect to condominiums and recommendations for changes in the condominium law. The issues that the council shall consider include, but are not limited to, the rights and responsibilities of the unit owners in relation to the rights and responsibilities of the association.
(b) Review, evaluate, and advise the division concerning revisions and adoption of rules affecting condominiums.
(c) Recommend improvements, if needed, in the education programs offered by the division."
The council meets at the call of its chair, at the request of a majority of its membership, at the request of the division, or at such times as are determined by the council.[2] A majority of the council members constitutes a quorum and formal action may be taken by vote of a majority of the voting members present at a meeting at which there is a quorum.[3]
The Florida Government in the Sunshine Law, section 286.011(1), Florida Statutes, provides:
"All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
As a statute enacted in the public interest to protect the public from "closed-door" politics, the Sunshine Law must be broadly construed to effect its remedial and protective purposes.[4] Florida courts have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies and not merely to the formal meeting of a public body at which voting is conducted to ratify an official decision. The statute is to be applied to discussions and deliberations as well as to formal action taken by a public body.[5] As the court stated in TimesPublishing Company, Etc., v. Williams:
"[I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act."[6]
Thus, the public is entitled to participate in a meaningful way in the decision-making process and this constitutional right is protected by the Government in the Sunshine Law.[7]
Although he or she is an ex officio member, the director of the division is designated by statute as a member of the council, which is a collegial body. He or she is involved in decision-making by the council as a participant in meetings although serving as a nonvoting member. The courts of this state have held that the Sunshine Law must be broadly construed to effect its remedial and protective purpose.[8] Moreover, as the Supreme Court of Florida made clear in Town of Palm Beach v. Gradison,[9]
"[w]hen in doubt, [a collegial body] should follow the open-meeting policy of the State."
In sum, it is my opinion that meetings between a voting member of the Advisory Council on Condominiums and the Director of the Division of Florida Land Sales, Condominiums, and Mobile Homes, who serves as a member of the council in an ex officio, non-voting capacity, are subject to the provisions of section 286.011, Florida Statutes, the Government in the Sunshine Law. Thus, the requirements of the Sunshine Law, i.e., notice, public accessability and written minutes, apply to any meeting where two or more members of the council discuss matters on which the board may foreseeably take action.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 5, Ch. 2004-345, Laws of Florida. The Division of Statutory Revision renumbered this statute as 718.50151.
[2] Section 718.50151(3), Fla. Stat.
[3] Id.
[4] See Wood v. Marston, 442 So.2d 934, 938 (Fla. 1983); Canney v.Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[5] See Board of Public Instruction of Broward County v. Doran, supra,
in which the court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissions;Krause v. Reno, 366 So.2d 1244 (Fla. 3rd DCA 1979).
[6] 222 So.2d 470, 473 (Fla. 2nd DCA 1969)
[7] See Art. I, s. 24, Fla. Const., setting forth the constitutional provisions for access to public records and meetings.
[8] See, e.g., Wood v. Marston, 442 So.2d 934 (Fla. 1983); Town of PalmBeach v. Gradison, 296 So.2d 473 (Fla. 1974); Board of Public Instructionof Broward County v. Doran, supra n. 5 (statute should be broadly construed to effect its remedial and protective purpose).
[9] 296 So.2d 473, 477 (Fla. 1974). And see Inf. Op. to The Honorable Doug Wiles, dated 2/14/02.