Dear Chief Lock:
As Chief of Police for West Melbourne, you have asked for my opinion on the following question:
Is a community citizens police academy that is made up of citizens and established to provide a vehicle for citizen involvement in how the police department functions subject to the Government in the Sunshine Law if two or more elected officials enroll and attend?
According to information you have supplied to this office, the West Melbourne Police Department conducts a Citizens Police Academy yearly. The academy offers a sixteen week academic curriculum that teaches local residents about the functions of the police department. Enrollment in the class is open to local residents and background checks are completed on the applicants. Classes conducted at the academy are structured as other academic classes, that is, in a teaching environment. Once a class is full and the course work has begun, the class is not open to the public or to additional participants until another class is scheduled. Two current city council members have enrolled in this year's citizens' academy and you question whether the requirements of the Government in the Sunshine may apply in light of their attendance.
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, requires:
"All meetings of any board or commission of any state agency or authority of any agency or authority of any county . . . or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
Application of the statute is not limited to meetings at which final, formal actions are taken. The provisions of the Sunshine Law apply to any gathering of members where members deal with some matter on which foreseeable action will be taken by the board.[1] Florida courts have recognized that the entire decision-making process is covered by the Government in the Sunshine Law, not merely meetings at which a final vote is taken.[2]
This office has concluded in a number of opinions that members of a public board or commission may attend private forums sponsored by private organizations and express their position about issues facing the commission without violating the Sunshine Law, so long as they do not discuss or debate the issues among themselves.[3] This conclusion is based on the reasoning of Attorney General's Opinion 89-23, holding that it was not a violation of the Sunshine law for one commissioner to send a report to another commissioner for informational purposes, as long as there was no interaction between the commissioners. Similarly, this office has concluded that the Sunshine Law is not violated by a board member expressing his or her views or voting intent on an upcoming matter to a news reporter who the member knows will publish the account in a local newspaper prior to the meeting, as long as the member is not using the reporter as an intermediary to communicate with other members to circumvent or evade the requirements of the Sunshine Law.[4]
In Attorney General's Opinion 2000-68, this office considered whether elected city commissioners would violate the Government in the Sunshine law by attending other city board meetings and commenting on agenda items that could subsequently come before the commission for final action. The city manager advised that members of the City of Cocoa Beach Commission frequently attended meetings of various city boards. At the meetings the commissioners could comment on agenda items and non-agenda items. It was typical for at least one commissioner to attend these board meetings and on occasion all the commissioners might be present at a meeting. Based on our previous opinions and the case law discussed above, this office concluded that city commission members could attend the meetings of other city boards or commissions to express their opinions and make comments on agenda items that could ultimately come before the city commission for consideration and that such attendance would not violate the Government in the Sunshine Law. The opinion cautioned that if more than one city commissioner was in attendance at such a meeting, no discussion or debate should take place among the commissioners on these issues.
Your situation involves similar facts to those considered above, that is, more than one city commissioner desires to take part in an educational program offered by the city. The commissioners will attend the class together and may be called upon to comment upon or discuss issues that may subsequently come before the commission for action. Based on previous opinions of this office and the case law discussed herein, it would appear that more than one elected city council member may attend and participate in the West Melbourne Police Department's Citizens Police Academy without violating the Government in the Sunshine Law. The educational course is not changed into a meeting of a board or commission subject to the Government in the Sunshine Law by the attendance and participation of members of the city council in the course work of the academy.
In sum, it is my opinion that a community citizens police academy that is made up of citizens and established to provide a vehicle for citizen involvement on how the police department functions is not made subject to the Government in the Sunshine Law by the attendance and participation of two or more elected officials. However, I would caution that if more than one city council member attends these classes or programs, no discussion or debate may take place among the council members on these issues.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See Board of Public Instruction of Broward County v. Doran,224 So. 2d 693 (Fla. 1969); Canney v. Board of Public Instruction of AlachuaCounty, 278 So. 2d 260 (Fla. 1973).
[2] See, e.g., Times Publishing Company v. Williams, 222 So. 2d 470,473 (Fla. 2d DCA 1969), disapproved in part on other grounds, Neu v.Miami Herald Publishing Company, 462 So. 2d 821 (Fla. 1985), in which the district court stated:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to `formal action,' within the meaning of the act."
[3] See, e.g., Ops. Att'y Gen. Fla. 00-68 (2000), 94-62 (1994), and 92-05 (1992).
[4] Attorney General Opinion 81-42. Cf. Op. Att'y Gen. Fla. 77-138 (1977), stating that the Sunshine Law does not prohibit members of a city commission from attending public meetings of a board established by the commission and subsequently voting at a public meeting of the commission on recommendations submitted by the board.