Dear Ms. Pyburn:
On behalf of the City Commission of the City of Delray Beach, you have asked for my opinion on substantially the following question:
 Would a task force or other city advisory board of the City of Delray Beach violate provisions of the Government in the Sunshine Law if workshop meetings were conducted using an on-line bulletin board?
According to your letter, the City of Delray Beach proposes to conduct on-line bulletin board-type workshop meetings through the Internet. You advise that the meetings will be conducted as follows:
 • Meetings will be noticed as required by section 286.011, Florida Statutes.
 • Meetings will last exactly two (2) hours and will allow board members and the public to share ideas about green buildings, recycling, and other "green" topics with the full discussion available to everyone "attending" the meeting.
 • At the conclusion of each meeting, the bulletin board will be closed and no further posting or discussion will be allowed.
 • Computers will be made available to the public at the city's public library. These computers will be made available on a first-come, first-served basis and there are fifty computers in the library.
 • No voting will take place during these workshop meetings.
 • The full text of all discussions will be archived as a public record by the city and will be available for inspection and copying.
The city's plan includes the use of two electronic bulletin boards, one for board members and one for the general public and both screens will be open at the same time. Board members will be able to post comments on the designated board and the public will likewise post comments on the bulletin board designated for public use and both screens will be viewable by all during the course of the "meeting." The bulletin boards will be equipped with a clock that will control the beginning and ending of the meeting and both the public and board member bulletin board will open and close at the same time.
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, ensures a right of access to government proceedings at the state and local levels.[1] The Sunshine Law was enacted in the public interest to protect the public from "closed door" politics and must be broadly construed to effect its remedial and protective purpose.[2]
A fundamental requirement of the Government in the Sunshine Law is that meetings of entities subject to the provisions of the Sunshine Law be "open to the public." "Open to the public," as that phrase is used in section 286.011, Florida Statutes, means open to all persons who choose to attend.[3] Further, Florida courts have held that the Sunshine Law extends to discussions and deliberations as well as formal actions taken by a public board or commission.[4] Thus, workshop meetings for advisory boards of the City of Delray Beach are subject to the requirements of section 286.011, Florida Statutes.
Although members of advisory boards of the city do not appear to be precluded from utilizing the Internet to conduct informal discussions, such discussions which are subject to the Sunshine Law must be accessible by the public.[5] These advisory groups must, therefore, ensure that access is provided to all members of the public who wish to attend such discussions.[6]
Access must be available not only to those members of the public possessing a computer with internet access, but also to those who may not have access to the Internet. As this office concluded in Attorney General Opinion 2001-66, places within the jurisdiction of the board must be designated where computers with internet access will be made available to members of the public who wish to participate in such discussions. The notice of these discussions, required under the Sunshine Law, should include the locations where such computers with Internet access will be located.
For meetings where a quorum is required, this office, in several formal and informal opinions[7] has stated that concerns about the validity of official actions taken by a public body when less than a quorum is present suggest a very conservative reading of the statute. This office has concluded that, in the absence of a statute to the contrary, the requisite number of members must be physically present at a meeting in order to constitute a quorum.[8] While a quorum is not required for a meeting to be subject to the Government in the Sunshine Law, [9] to the extent that any advisory body is required to have a quorum in order to conduct official business, it appears that the members of these bodies must, in the absence of a statute to the contrary, be physically present in order to constitute a quorum.[10]
In sum, it is my opinion that the Green Task Force of the City of Delray Beach and other city advisory boards may conduct informal discussions and workshops using an on-line bulletin board if proper notice is given and interactive access to members of the public is provided. As was stated in Attorney General Opinion 2001-66, such interactive access must include not only public access via the Internet, but also the designation of places within the task force's jurisdictional boundaries where computers with internet access is made available to members of the public who may not otherwise have computers with internet access. Notice of these workshops should include the locations where such computers will be available. For any meetings where a quorum is necessary for action to be taken, the physical presence of the members making up the quorum would be required in the absence of a statute providing otherwise.
I continue to be concerned however, that interested persons within the community who may not be comfortable with or familiar with the operation of a computer or who may have difficulty using a computer keyboard or are handicapped and need adaptive technology will be reluctant to participate in on-line discussions or workshops under the plan you have proposed. This office has stressed that a "chilling" of the rights of Florida citizens to participate in public meetings is unacceptable.[11] For this reason, the city should ensure that operating-type assistance is available at the library where the computers are located. The notice of this workshop meeting should advise that assistance will be available and should request that any handicapped participants notify the city so that special accommodations may be made to facilitate their participation in the workshop.
Finally, I would note that section 286.011(2), Florida Statutes, provides that "[t]he minutes of any . . . board or commission [subject to the Sunshine Law] shall be promptly recorded, and such records shall be open to public inspection." This office has opined that, while tape recorders may also be used to record the proceedings before a public body, written minutes of the meeting must be taken and promptly recorded.[12] The minutes that are required to be kept for "workshop" meetings are no different than those that the statute requires for any other meeting of a public board or commission.[13] Thus, while the Green Task Force may archive the full text of all workshop discussions conducted on the Internet and these materials would be public records pursuant to Chapter 119, Florida Statutes, written minutes of these workshops must also be prepared and promptly recorded.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See also Art. I, s. 24, Fla. Const., providing a right of access to meetings of collegial public bodies. And see Frankenmuth MutualInsurance Company v. Magaha, 769 So. 2d 1012, 1021 (Fla. 2000), noting that the Sunshine Law "is of both constitutional and statutory dimension."
[2] See Wood v. Marston, 442 So. 2d 934, 938 (Fla. 1983); Canney v.Board of Public Instruction of Alachua County, 278 So. 2d 260 (Fla. 1973); Board of Public Instruction of Broward County v. Doran, 224 So. 2d 693 (Fla. 1969).
[3] See, e.g., Ops. Att'y Gen. Fla. 99-53 (1999) and 01-66 (2001).
[4] See Hough v. Stembridge, 278 So. 2d 288 (Fla. 3d DCA 1973) (Sunshine Law applies to any gathering, whether formal or casual, of two or more members of the same board or commission to discuss some matter upon which foreseeable action will be taken by the board or commission).
[5] See, e.g., Op. Att'y Gen. Fla. 89-39 (1989), stating that a board of county commissioners may use a computer network in the course of conducting county business, but cautions that any discussions between the members of the board via computer on issues pending before the board would be subject to the provisions of s. 286.011, Fla. Stat.
[6] See Op. Att'y Gen. Fla. 01-66 (2001).
[7] See, e.g., Inf. Op. to John C. Randolph, dated November 24, 1997, and Op. Att'y Gen. Fla. 01-66 (2001).
[8] See, e.g., Ops. Att'y Gen. Fla. 83-100 (1983), 89-39 (1989), and 01-66 (2001).
[9] See n. 4, supra.
[10] See Op. Att'y Gen. Fla. 98-28 (1998), recognizing that the authorization in s. 120.54(5)(b)2., Fla. Stat., for the use of communications media technology to conduct meetings applied only to state agencies.
[11] See Inf. Op. to Campbell, February 8, 1999; and Inf. Op. to Nelson, May 19, 1980, in which this office indicated that luncheon meetings to conduct board or commission business may have a "chilling" effect on public willingness or desire to attend public meetings and should be avoided for that reason.
[12] See Op. Att'y Gen. Fla. 75-45 (1975).
[13] See Op. Att'y Gen. Fla. 74-62 (1974).