OWEN, Judge.
Plaintiffs in an action seeking equitable relief have taken an interlocutory appeal from an order granting defendants’ motion under Rule 1.410(b) RCP, 30 F.S.A., to quash a subpoena duces tecum directed to a nonparty witness, which order also quashed the notice of deposition.
Appellants contend (1) a subpoena duces tecum under Rule 1.410 RCP can be quashed only upon a showing that it is unreasonable and oppressive, and that no such showing was made in this case; (2) only the witness upon whom a subpoena duces tecum is served has standing to complain that it is unreasonable and oppressive to the witness, and that the witness in this case made no such complaint; (3) that a motion for protective order under the provisions of Rule 1.310(b) RCP, while available to either a party or the person to be examined, requires that good cause be shown, and that there was no showing of good cause made here.
First, the question of a party’s standing to seek an order quashing a subpoena duces tecum directed to another. Rule 1.410(d) RCP[1] which pertains to a *34 subpoena for taking depositions, expressly provides that the subpoena is subject to subdivision (b) of the same rule, and to subdivision (b) of Rule 1.310 RCP. Looking at Rule 1.410(b) RCP [2] it is noted that it contains no prohibition against a party seeking an order to quash a subpoena which is unreasonable and oppressive. Looking at Rule 1.310(b) RCP,[3] it is noted that it expressly permits a motion for protective order to be made by any party as well as the person to be examined. Considering these several rules in pari materia, we conclude that the defendants had standing to seek an order quashing the subpoena duces tecum on the grounds that it was unreasonable and oppressive as to the witness. We might add that this view accommodates a practical approach to the not unusual situation where a witness, served with a subpoena duces tecum which he feels to be unreasonable and oppressive, will simply complain to the other party of the hardship, and that party in turn will more likely than not present the issue to the court without the necessity of the witness being put to the trouble and expense of presenting a motion on his own behalf.
 Even though the defendants had standing under Rule 1.410 RCP to seek an order quashing the subpoena duces tecum directed to a non-party witness, appellants are correct in their contention that the court may not order the subpoena quashed under this rule unless the subpoena is unreasonable and oppressive. By necessary implication, there must be some facts before the court tending to show the unreasonableness and oppressiveness of the subpoena. The sufficiency thereof is a factual determination for the trial judge who is vested with a broad judicial discretion in the matter, and whose order will not be overturned absent a clear showing of abuse of that discretion.
The subpoena duces tecum sought production of certain specified documents relating to two mortgages held by John Hancock Mutual Life Insurance Company, these documents being described in eight typewritten pages which itemized in specific detail various books, papers, documents, writings and memoranda of telephone calls relating to each of these two mortgages. The witness, as District Manager of the Fort Lauderdale office of the John Hancock Mutual Life Insurance Company, stated by affidavit that he had no knowledge of the two mortgages or of the transactions involved in the litigation, that he was not the custodian of the records listed in the subpoena, that if such documents existed at all they would be in the custody of another department of the John Hancock Company in Boston, Massachusetts, and that the witness could not produce the documents at the time and place specified in the subpoena because he did not have them in his possession and control and had not been authorized by the John Hancock Company to have such or to produce such. Without question the court, in the exercise of its discretion, could have determined that this was insufficient to show unreasonableness and oppressiveness. On the other hand, the affidavit of the witness viewed in light of the extensive and exhaustive lists of documents called for, is such that we cannot say as a matter of law that the court abused its discretion in finding (impliedly) that the subpoena was unreasonable and oppressive.
Since we conclude that the defendants did have standing to file a motion to quash *35 under Rule 1.410 RCP, and that there has not been a clear showing that the court abused its discretion in granting such motion, we do not need to consider the alternative question of whether the order can also be justified under Rule 1.310 RCP.
Appellants also contend, somewhat peripherally to the main issue, that they were in any event entitled to take the witness’s deposition, and thus the court should not have quashed the notice of deposition. This is technically correct, but with the subpoena quashed we see no harm done. We do not construe the order as forbidding appellants to take a deposition from this witness.
Affirmed.
REED, C. J., and WALDEN, J., concur.

. “Rule 1.410(d) Subpoena for Taking Depositions; Place of Examination.— (1) Proof of service of a notice to take a deposition as provided in Rules 1.310(a) or 1.320(a) constitutes a sufficient authorization for the issuance of subpoenas for the persons named or described therein by the clerk of the court in which the action is pending. The subpoena may command the person to whom it is directed to produce designated books, papers, documents or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.280(b), but in that event the subpoena will be subject to the provisions of Rule 1.310(b) and subdivision (b) of this rule.”

. “Rule 1.410(b) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or tangible things designated therein but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive. . . . ”

. “Rule 1.310(b) Orders for tbe Protection of Parties and Deponents. After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown. ...”