McCORD, Acting Chief Judge.
Respondent Pravin J. Parekh, an employee of petitioner, filed an appeal before respondent Career Service Commission from his discharge by petitioner. Petitioner here seeks a writ of prohibition to prevent respondents, the Career Service Commission and the State Personnel Director, from requiring certain employees of petitioner to appear in response to subpoenas for discovery depositions in the appeal proceedings. The subpoenas were issued by the State Personnel Director rather than by the Career Service Commission. We issued rule nisi and have considered respondents’ return and the briefs and oral arguments of the respective parties.
Petitioner contends that the Career Service Commission and the State Personnel Director have no authority to order depositions in the proceeding before the Commission. We disagree with petitioner’s contention as to the authority of the Commission in such respect but agree that the State Personnel Director does not have such authority. § 120.58(1)(b), Florida Statute 1974 Supplement, (the new Administrative Procedure Act) provides as follows:
“An agency, or its duly empowered presiding officer, or a hearing officer has the power to swear witnesses and take their testimony under oath, to issue subpoenas upon the written request of any party or upon its own motion, and to effect discovery on the written request of any party by any means ávailable to the *66 court and in the manner provided in the Florida rules of civil procedure.” (Emphasis supplied.)
The foregoing statute only authorizes an agency or its duly empowered presiding officer or a hearing officer to issue subpoenas. The subpoenas to the witnesses whose depositions are desired in the cause were not issued pursuant to the authority granted by the above statute to the agency (the Career Service Commission), its duly empowered presiding officer or a hearing officer but they were issued by the State Personnel Director. The statute does not confer such authority upon the State Personnel Director. We do not consider this circumstance sufficient to issue a writ of prohibition. We believe that with this clarification subpoenas which have been issued will be cancelled and new subpoenas issued by the proper authority.
Petitioner contends that the new Administrative Procedure Act is not applicable to this proceeding before the Career Service Commission as that act did not become effective until January 1, 1975; that this proceeding was begun when respondent Parekh was dismissed by petitioner’s letter dated December 23, 1974, effective December 31, 1974. We cannot agree with this contention of petitioner. Respondent Parekh filed his appeal to the Commission on January 8, 1975. The filing of the appeal began the administrative adjudicative proceedings, and since they were begun after January 1, 1975, the new Administrative Procedure Act is applicable to them.
§ 120.58(1) (b) quoted above empowers an agency to effect discovery by any means available to the courts and in the manner provided by the Florida Rules of Civil Procedure. Petitioner contends that this attempt by the legislature to impose the Florida Rules of Civil Procedure on administrative agencies is an unlawful delegation of judicial power in violation of the separation of powers provided for in Article II, § 3 of the Constitution of Florida. Petitioner also contends that the Supreme Court has authority to adopt rules for practice and procedure only for the courts under Article V, Section 2, Subsection (a) of the Florida Constitution, and does not have authority to adopt rules for practice and procedure before administrative agencies, citing Canney v. Board of Public Instruction of Alachua County, Florida, 278 So.2d 260 (1973). We find no violation of the doctrine of separation of powers by the legislature’s action. In Can-ney the Supreme Court merely held that it could not promulgate rules of practice and procedure for administrative bodies (except in those instances where the Constitution or laws so provide). The rules of practice and procedure which the Supreme Court has adopted are for the courts but the legislature certainly has the power to make the same rules applicable to administrative proceedings. Such action is then legislative action and not the action of the Supreme Court. We find no constitutional prohibition against the legislature prescribing the rules of procedure for adjudicatory proceedings before administrative agencies.
Respondent Commission contends that petitioner lacks standing to seek a writ of prohibition in the instant case in that only the employees who were served with the subpoenas can seek to prohibit respondent Commission from requiring that their depositions be taken. The Commission relies upon § 120.58(2), Florida Statutes 1974 Supplement, in support of their contention. It provides as follows:
“Any person subject to a subpoena or order directing discovery may, before compliance and on timely petition, request the agency having jurisdiction of the dispute to invalidate the subpoena or; order on the ground that it was not lawfully issued, is unreasonably broad in scope, or requires the production of ir- ■ relevant material, but the decision of the agency on any such request shall not be proposed agency action governed by § 120.57.”
*67 While the person to whom a subpoena is directed may seek to have it invalidated under the above statute, the statute does not provide that a party to the proceeding may not question the subpoena. In a somewhat analogous situation, the District Court of Appeal, Fourth District, in construing certain of the Florida Rules of Civil Procedure in Sunrise Shopping Center, Inc. v. Allied Stores Corp., Fla.App., 270 So.2d 32 (1972), held that a party to a proceeding, as well as a witness to whom a subpoena is directed, has standing to question the subpoena. We find in the case sub judice that petitioner, a party to the proceeding before the Career Service Commission, has standing to question the subpoenas issued in this cause. It is a fundamental right of a party to a proceeding to question the legality of any phase of the proceeding which may adversely affect it. The foregoing statute extends the right to question a subpoena also to the person su-poenaed.
The rule nisi heretofore issued is discharged and writ of prohibition is denied.
MILLS and SMITH, JJ., concur.