## STATE DEPARTMENT OF TRANSPORTATION v. SAEMANN, et al.

No. 76-3936 CA (L) 01 G.

Circuit Court, Palm Beach County.

June 5, 1978.

200

J. Jay Reilly, Tallahassee, for the plaintiff.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon a motion to quash a trial subpoena issued to John Barry, a reporter for the Boca Raton News. Plaintiff, who caused the subpoena to be issued, apparently intends to question the witness, for possible impeachment purposes, regarding published facts contained in an article the witness wrote. Although the witness concedes that under some circumstances, even in a civil case, he may be required to testify in court, he contends that the issuance of a subpoena necessarily inhibits his First Amendment rights.

The motion to quash is denied, essentially because it is premature. No showing has been made that petitioner comes within the protected category and no showing has been made that the mere issuance of a subpoena *necessarily, in all cases,* inhibits petitioner's First Amendment rights.

1) Petitioner contends that a specific procedure must be followed, prior to the issuance of a subpoena, to demonstrate the necessity of overriding any possible chilling effect upon petitioner's right of free speech. This court has no authority to lay down, for all to follow, the one and only procedure adequate to safeguard such rights. Further, even if a specific procedure were required, petitioner would have the burden of showing that he fell within the protected category. Merely alleging oneself to be a "reporter" does not automatically cloak one with immunity to subpoena, nor

are "reporters" the only members of a category deserving of the special protection of immunity to subpoena. Additionally, even if a witness is determined to be a member of this special category, he still must show that the subpoena deals with the type of situation that would suggest immunity from subpoena. For example, suppose a reporter, off duty, witnessed an accident. Suppose, further, that he then wrote a news story of the accident. Would this necessarily grant him immunity so that he need not even be subject to a subpoena? The answer to this question is not clear, but I think the better course would be to deal with the issue on a case by case basis, rather than granting automatic immunity.

2) A showing of compelling reasons prior to the issuance of a subpoena is simply not workable. A subpoena merely commands the witness to be subject to the call of the court — it does not, in itself, require testimony, because a subpoena does not preclude a witness from declining to testify on the basis of a privilege. If prior compelling reason must be shown where the witness alleges he is a reporter, why would not the same necessity be required where he alleges some other privilege? The standard procedure in such cases is for the witness to appear and, when questioned, decline to respond, or for the witness to make a motion for a protective order, raising the issue of privilege. To require a showing prior to even the issuance of the subpoena, would require that the trial be halted in its progress while such evidence and argument is offered to the court and then, if the subpoena were permitted, it might turn out that the witness is simply not around and cannot be served. This would result in great injustice to the parties, or unnecessary delay, or both.

3) Although this is a civil and not a criminal proceeding, a party has a right to a fair trial nevertheless, and certainly not *every* criminal case involves more substantial matters than *every* civil case.

4) Additionally, such procedure is not authorized by the Florida Rules of Civil Procedure. Rule 1.410 (b), F. R. C. P., does authorize a method for quashing or modifying a subpoena *duces tecum*, but even in those cases the burden is upon the movant to show that it is unreasonable or oppressive. See *Sunrise Shopping Center, Inc. v. Allied Stores Corporation,* 270 So. 2d 32 (4th D. C. A. 1972). See also *Fisher v. United States,* 96 S. C. 1569, (U. S. Sup. Court 1976).

In conclusion, the motion to quash is premature and inappropriate. Whether the proper procedure is to move to quash the subpoena, move for a protective order, simply decline to answer questions, or some other procedure, the burden is upon the movant to demonstrate initially that he is within the category that is entitled to special protection and, further, that the enforcement of the sub-

poena would have a chilling effect upon his First Amendment rights. Only when he has carried this burden does the burden shift to the person seeking testimony to demonstrate that he would be denied a fair trial without the testimony in question. If this is done, the court then is required to consider the party's claim to his right to a fair trial against the witness's claim to his right of free speech. This issue cannot properly be joined prior to the issuance of a subpoena, nor is this court authorized to create a procedure for establishing the propriety of issuing a subpoena to a witness.

Accordingly, it is ordered that the motion to quash is denied.