Mr. Jorge Labarga, Commissioner Statewide Judicial Commission for Workers' Compensation Judges Post Office Box 3466 West Palm Beach, Florida 33402
Dear Mr. Labarga:
You ask substantially the following question on behalf of the Statewide Judicial Nominating Commission for Workers' Compensation Judges:
Does the Government in the Sunshine Law apply to the deliberations of the statewide judicial nominating commission for worker's compensation judges?
In sum, I am of the opinion:
No exemption from the Government in the Sunshine Law exists for the deliberations of the statewide judicial nominating commission for worker's compensation judges. The deliberations of the commission, therefore, must be conducted in accordance with the provisions of s. 286.011, F.S.
Section 39, Ch. 90-201, Laws of Florida, amended s. 440.45(1), F.S., relating to the appointment of judges of compensation claims to the workers' compensation trial courts. Judges of compensation claims (formerly referred to as deputy commissioners)[1] are within the Department of Labor and Employment Security under the secretary of the department.[2]
As amended, s. 440.45(1), F.S., provides in pertinent part:
The Governor shall appoint as many full-time judges of compensation claims to the workers' compensation trial courts as may be necessary to effectually perform the duties prescribed for them under this chapter. The Governor shall initially appoint a judge of compensation claims from a list of at least three persons nominated by a statewide nominating commission. The statewide nominating commission shall be composed of the following: five members, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Board of Governors of the Florida Bar from among The Florida Bar members who are actively engaged in the practice of law; five electors, one of each who reside in each of the territorial jurisdictions of the district courts of appeal, appointed by the Governor; and five electors, one of each who resides in each of each of the territorial jurisdictions of the district courts of appeal, and who are not members of the bar of Florida, selected and appointed by a majority vote of the other ten members of the commission. The meetings and determinations of the nominating commission as to the judges of compensation claims shall be open to the general public. (e.s.)
Prior to its amendment by the 1990 Legislature, s. 440.45(1), F.S., provided that the appellate district judicial nominating commission for the appellate district in which the judge of compensation claims would principally conduct hearings was responsible for nominating three persons to the Governor.
Section 286.011, F.S., the Government in the Sunshine Law, provides in pertinent part that "[a]ll meetings of any board or commission of any state agency or authority . . . except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."[3] In determining what entities are covered by s. 286.011, F.S., the Florida courts and this office have stated that it was the Legislature's intent to extend application of the Sunshine Law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[4]
As a commission created by the state Legislature pursuant to legislative act which sets forth its composition, purpose, and duties, the commission appears to be covered by the terms of s.286.011, F.S.[5] You state, however, that it has been the practice of other judicial nominating commissions to hold open meetings but to close the deliberation part of the process.
Section 11(d), Art. V, State Const., provides for judicial nominating commissions by stating:
There shall be a separate judicial nominating commission as provided by general law for the supreme court, each district court of appeal, and each judicial circuit for all trial courts within the circuit. Uniform rules of procedure shall be established by the judicial nominating commissions at each level of the court system. . . . Except for deliberations of the judicial nominating commissions, the proceedings of the commissions and their records shall be open to the public. (e.s.)
The statewide judicial nominating commission for worker's compensation judges, however, is not a judicial nominating commission as contemplated by the Constitution — it is not a nominating commission for the supreme court, a district court of appeal or for a judicial circuit for the trial courts within such circuit. Thus, the provisions of s. 11(d), Art. V, State Const., recognizing that the deliberations of judicial nominating commissions may be closed are not applicable to the commission created under s. 440.45(1), F.S. Accordingly, there is no constitutional impediment to the Legislature requiring the deliberations of the statewide judicial nominating commission for workers' compensation judges to be open.
Section 440.45, F.S., as amended, does not indicate a contrary result. While stating that the meetings and determinations of the commission shall be open, it does not contain any exception to or exemption from the requirements of s. 286.011, F.S., for its "deliberations." Nor, in my opinion, can any such exception or exemption be implied.[6]
Accordingly, I am of the opinion that the statewide judicial nominating commission for worker's compensation judges is subject to s. 286.011, F.S. Inasmuch as no exemption from the Government in the Sunshine Law exists for the deliberations of the commission, such deliberations must be conducted in accordance with the provisions of s. 286.011, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 23, Ch. 89-289, Laws of Florida, substituted references to judges of compensation claims and chief judge for references to deputy commissioners and chief commissioner.
[2] Section 440.45(3), F.S.
[3] Section 286.011(1), F.S.
[4] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969); City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971); AGO's 83-97 and 76-230.
[5] See generally, AGO 83-97 concluding that a circuit court conflict committee established by the 1983 General Appropriations Act to approve attorneys handling conflict cases is subject to s.286.011, F.S.; Cf., Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260, 263 (Fla. 1973), stating:
Once the Legislature transforms a portion of a board's responsibilities and duties into that of a judicial character so that the board may exercise quasi-judicial functions, the prerogatives of the Legislature in the matter do not cease. . . . If the Legislature may delegate these quasi-judicial powers to the School Board and regulate the procedure to be followed in hearings before the board, it follows as a matter of common logic that the Legislature may further require all meetings of the board at which official acts are to be taken to be public meetings open to the public. A board exercising quasi-judicial functions is not part of the judicial branch of government.
[6] See generally, Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969) (as a statute enacted for the public benefit, s. 286.011, F.S., should be liberally construed); Canney v. Board of Public Instruction of Alachua County, supra (various boards and agencies have attempted to read exceptions into the Government in the Sunshine Law which do not exist; even though their intentions may be sincere, such boards and agencies should not be allowed to circumvent the plain provisions of the statute).