BERANEK, Judge.
Plaintiffs/appellants, Palm Beach County Classroom Teachers’ Association (CTA) and Warren G. Cutts, appeal the denial of in-junctive relief against defendants/appel-lees, the School Board of Palm Beach County, Ann Doyle and Palm Beach Newspapers, Inc. A dispute arose between the appellants and the School Board regarding the interpretation and application of the collective bargaining agreement between CTA and the School Board. This agreement encompasses the terms and conditions of em *1376 ployment for all teachers employed by the School Board. Pursuant to the agreement, Cutts filed a formal written grievance, and after exhausting steps one and two of the grievance procedure, he sought to have the dispute submitted to arbitration. The agreement provided that the decision of the arbitrator would be final and binding on all parties. On or about January 20, 1981, Cutts and representatives of the CTA appeared before an arbitrator at the offices of the School Board to participate in an arbitration hearing regarding the grievance. Some time prior to the commencement of the hearing, Doyle, a newspaper reporter, entered the hearing room and sat down. Appellants requested that Doyle leave, but she refused. The arbitration hearing was recessed and has not yet taken place.
On June 15, 1981, the CTA and Cutts filed a complaint in the lower court seeking a judicial declaration that the Government in the Sunshine Act, Section 286.011, Florida Statutes (1979), did not apply to grievance arbitration hearings conducted pursuant to the agreement between CTA and the School Board, and also seeking to enjoin Palm Beach Newspapers, its officers, agents, and employees, as well as Doyle, from attending any arbitration involving the CTA and the School Board. Later, the appellants served upon the appellees a motion for preliminary injunctive relief. The trial court denied their request for a preliminary injunction and this interlocutory appeal followed. The main action seeking a declaration of the non-application of the open meeting requirements of Section 286.-011 is still pending and has not yet been tried or determined.
We conclude the trial court did not err in denying the injunction. We reach this conclusion initially on the narrow ground that the granting of a preliminary injunction is within the trial court’s broad discretion and its determination will not be overruled absent an abuse of discretion. There has been no such demonstration here. Contemporary Interiors v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980). Further, this court recently issued an opinion in the case of Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981), which involved essentially the same parties. In that case, Doyle had orally requested permission to inspect any grievance filed by Cutts against the School Board. When access was refused, Doyle made written demand upon the School Board to allow access to any written grievance filed by Cutts for the year 1980, and to any material contained in the file relating to such grievance or grievances. The School Board refused and Doyle filed a petition for writ of mandamus in the circuit court to require the Board to comply with the mandate of Chapter 119, Florida Statutes (1979). That chapter provides for the personal inspection by any person of all state, county, and municipal records. The trial court in that case entered a writ of mandamus commanding the appellants to open their records for inspection in accordance with Chapter 119, Florida Statutes (1979). On appeal we held that the grievance records of the teachers employed by the Palm Beach County School Board were public records within the purview of the Public Records Act. Furthermore, we stated:
[T]he trial court was correct in shunting aside the argument that the collective bargaining contract between the CTA and the School Board established the confidentiality of the subject records, for to allow the elimination of public records from the mandate of Chapter 119 by private contract w.ould sound the death knell of the Act.
In a similar vein, we believe that the provisions of a private agreement entered into by public bodies cannot be used to circumvent the requirements of public meetings in Section 286.011, Florida Statutes (1979). To rule otherwise and hold that an arbitration hearing may be closed to the public even though the grievance and other documentation on which it is based is a public document makes little sense to us. However, since the trial court has not yet expressly ruled on the application of Section 286.011, we also decline to do so and simply affirm on the narrow ground that *1377 the preliminary injunction was not improperly denied. A demonstration of irreparable injury has long been held necessary to entitle one to an injunction. Since Doyle already possesses the grievance file, we fail to see any irreparable injury in her attending a hearing at which oral testimony will be given as to the facts already stated in the grievance. Our conclusion is also influenced by the binding nature of the arbitration. The School Board has agreed to be bound by whatever finding the arbitrator reaches. Clearly the public has an interest in the basis for a decision which may affect education, the expenditure of taxes and the school children of this county. There has been no demonstration of a compelling need for secrecy.
AFFIRMED.
LETTS, C. J., and HURLEY, J., concur.