Mr. Nicholas F. Tsamoutales City Attorney City of Palm Bay 115 Palm Bay Road Palm Bay, Florida 32905
Dear Mr. Tsamoutales:
This is in response to your request for an opinion on substantially the following question:
 DOES THE GOVERNMENT IN THE SUNSHINE LAW REQUIRE THE DELIBERATIONS OF A MUNICIPAL BOARD OF ADJUSTMENT, SITTING AS A QUASI-JUDICIAL BODY, BE CONDUCTED IN THE OPEN?
According to your letter, the Board of Adjustment was created by the City of Palm Bay pursuant to its zoning ordinance to hear, inter alia, administrative appeals. When hearing such appeals, the board sits as a quasi-judicial body. You inquire as to whether the board's deliberative discussions after presentation of the testimony and evidence must be conducted in the Sunshine.
Section 286.011, F.S., the Government in the Sunshine Law, requires all meetings of a board or commission of a state agency or of an agency of a county, municipal corporation or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken, to be open to the public at all times. The courts of this state have stated that it is the entire decision-making process which is subject to s 286.011. See, e.g., Times Publishing Co. v. Williams, 222 So.2d 470, 473 (2 D.C.A.Fla., 1969), in which the district court stated:
 Every thought, as well as every affirmative act, of a public official as it relates to and is within the scope of his official duties, is a matter of public concern; and it is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.
See also, Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969) (these specified boards and commissions should not be allowed to deprive the public of the inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made). Thus, the Government in the Sunshine Law extends to the discussions and deliberations of a public board or commission as well as to the formal actions taken by such a body.
In Canney v. Board of Public Instruction of Alachua County,278 So.2d 260 (Fla. 1973), which involved a recessed hearing to reach a decision, the Florida Supreme Court held that there is no "quasi-judicial" exception to a s 286.011 which could be utilized by a board or commission acting in a "quasi-judicial" capacity to permit closed door hearings during the deliberative process. As stated by the court:
 The characterization of a decisional-making process by a School Board as "quasi-judicial" does not make the body into a judicial body. A county school board should not be authorized to avoid the Government in the Sunshine Law by making its own determination that an act is quasi-judicial. . . . The correct understanding of the terminology "quasi-judicial" means only that the School Board is acting under certain constitutional strictures which have been enforced upon all administrative boards and not that the School Board has become a part of the judicial branch. To hold otherwise would be to combine the legislative and judicial functions in one body clearly contrary to the separation of powers doctrine. 278 So.2d at 263-264.
And see, Occidental Chemical Co. v. Mayo, 351 So.2d 336
(Fla. 1977), stating that the characterization of the public service commission's decision-making process as "quasi-judicial" did not exempt such deliberations from s 286.011. Cf., Palm Beach County Classroom Teacher's Association v. School Board of Palm Beach County, 411 So.2d 1375 (4 D.C.A.Fla., 1982), in which the district court of appeal affirmed the circuit court's denial of a temporary injunction to exclude a newspaper reporter from a grievance hearing. See also, AGO's 71-29 and 73-370 (civil service board), AGO 75-37 (assessment administrative review commission) and Inf.Op. to Nikki Beare, April 20, 1977 (fair-housing and employment appeals board) in which this office concluded that the deliberations and discussions of such boards were subject to s286.011 and must be conducted in the open, notwithstanding the fact that the boards were at the time acting in a "quasi-judicial" capacity.
There would appear to be little doubt that the board of adjustment of the City of Palm Bay is an agency of the city within the purview of s 286.011. In light of the foregoing authorities, I am of the opinion that the deliberations of the board of adjustment must be conducted in the Sunshine. In reaching this conclusion, I am not unmindful of the decision of the First District Court of Appeal in State of Florida Department of Pollution Control v. State of Florida Career Service Commission, 320 So.2d 846 (1 D.C.A.Fla., 1975), in which the court found the deliberations of the career service commission to be exempt from the Government in the Sunshine Law since such proceedings are "quasi-judicial and not subject to Chapter 286, Florida Statutes." As stated in AGO 77-132, this office recognizes the apparent conflict between Canney and the above referenced decision; however, until the Florida Supreme Court recedes from Canney, this office continues to be of the opinion that no quasi-judicial exemption exists under the Sunshine Law. See, AGO 77-132. See also, Inf.Op. to Edward D. Foreman, May 26, 1982. And see, Occidental Chemical Co. v. Mayo, supra, in which the Florida Supreme Court, subsequent to the district court's decision in State of Florida Career Service Commission, supra, cited Canney for the proposition that deliberations of the Public Service Commission were subject to s286.011, notwithstanding the fact that such deliberations had been characterized as "quasi-judicial."
Accordingly, I am of the opinion, until judicially or legislatively determined otherwise, that the deliberations of a Board of Adjustment created by municipal ordinance, when sitting as a quasi-judicial body, are subject to the Government in the Sunshine Law and must be conducted in the open in accordance with the provisions of s 286.011, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General