Benjamin H. Groomes Director of Correctional Education
QUESTION:
Under what conditions may the Board of Correctional Education meet in "Executive Session" closed to the public?
SUMMARY:
The Board of Correctional Education, created pursuant to s. 242.68, F.S., is subject to the Government in the Sunshine Law, s.286.011, F.S., and in the absence of an express statutory exemption from the requirements of s. 286.011, meetings of the board must be open to the public.
Section 286.011, F.S., the Government in the Sunshine Law, provides in pertinent part that "[a]ll meetings of any board or commission of any state agency or authority . . . except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."[1] In determining what entities are covered by the Sunshine Law, the courts have stated that it was the Legislature's intent to extend application of the law so as to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion or control."[2]
The Board of Correctional Education is established pursuant to s. 242.68, F.S., and attached to the Department of Corrections.[3]
The board is vested with the authority and responsibility to manage and operate the correctional education program as provided by law.[4] As a board created by the State Legislature pursuant to legislative act which sets forth its composition, purpose and duties, the Board of Correctional Education clearly would appear to be covered by the terms of s.286.011, F.S.
Florida courts have repeatedly stated that the Sunshine Law extends to the entire decision making process.[5] The statute extends to the discussions and deliberations as well as the formal actions taken by a public board or commission. Thus, s.286.011, F.S., applies to any gathering, whether formal or informal, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by the public board or commission.[6]
There is no "executive business" exception to the Government in the Sunshine Law. In the absence of a specific exemption provided by law, covered boards or commissions must meet in the sunshine. This office, for example, has stated that in the absence of a specific exemption, the discussion of personnel matters does not remove a meeting of a public board or commission from the ambit of s. 286.011, F.S.[7]
Similarly, this office has concluded that workshop meetings,[8]
conference sessions held by a council prior to its regular meetings,[9] and "conciliation conferences" are all subject to s. 286.011, F.S., in the absence of a specific statutory exemption. The Supreme Court of Florida has stated that there is no exception to the Sunshine Law which would, in the absence of a specific exemption, allow closed door hearings or deliberations when the board is acting in a "quasi-judicial" capacity.[10]
In addition, the Supreme Court has stated that in the absence of a statute exempting a meeting in which privileged materials are to be discussed, s. 286.011, F.S., should be construed as containing no exceptions.[11] During the 1991 legislative session, s. 119.07(5), F.S., was amended to clearly provide that an ex-emption from the disclosure requirements of the Public Records Law "does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s. 286.011 must be expressly provided."
Therefore, exceptions to or exemptions from Ch. 119, F.S., do not by implication allow a public agency to close a meeting in which exempted material is to be discussed in the absence of a specific exemption or exception to s. 286.011, F.S.[12]
You have not advised this office as to the subject matter to be discussed at such meetings. However, I am not aware of, nor have you drawn my attention to, any exemption from the Government in the Sunshine Law for the Board of Correctional Programs. In the absence of a specific exemption, I am of the opinion that the board is required to hold its meetings open to the public in accordance with the requirements of s. 286.011, F.S.
RAB/tjw
[1] Section 286.011(1), F.S.
[2] See, e.g., Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A. Fla., 1969); City of Miami each v. Berns, 245 So.2d 38 (Fla. 1971); and see, AGO's 83-97 and 76-230.
[3] Section 242.68(2)(a), F.S.
[4] Section 242.68(2)(f), F.S.
[5] See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A. Fla., 1969) ("it is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us").
[6] See, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973); and see, Board of Public Instruction of Broward County v. Doran, supra.
[7] See, AGO 89-37. And see, Inf. Op. to Margaret Bosarge, December 22, 1972, stating that "executive sessions" to discuss personnel matters are subject to the Sunshine Law.
[8] Attorney General Opinion 74-94.
[9] Attorney General Opinion 74-62.
[10] Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973). And see, Occidental Chemical Company v. Mayo, 351 So.2d 336, 340 n. 7 (Fla. 1977), in which the Court cited Canney in holding that the fact that the Public Service Commission's decision-making process has been characterized as "quasi-judicial" does not exempt it from s.286.011, F.S.; Palm Beach County Classroom Teacher's Association v. School Board of Palm Beach County, 411 So.2d 1375 (4 D.C.A. Fla., 1982), in which the district court affirmed the lower court's refusal to issue a temporary injunction to exclude a reporter from a grievance hearing.
[11] City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[12] Attorney General Opinions 91-45 and 91-75.