GUNTHER, Chief Judge.
The state has filed a petition for writ of certiorari seeking review of a trial court order declaring section 905.27, Florida Statutes (Supp.1994), unconstitutional and requiring the state to produce transcripts of a grand jury proceeding. Because the order in question departs from the essential requirements of law thereby creating material injury to the state without an effective remedy on appeal, we grant the petition and quash the order compelling production of the grand jury transcripts.
On June 8, 1995, the grand jury returned an indictment against Knight charging him with one count of first degree murder with a firearm, one count of robbery with a firearm and one count of grand theft as a hate crime. Thereafter, Knight moved for production of the transcripts of all testimony before the grand jury pursuant to the Public Information Act. • In support of his motion, Knight argued that the October 1,1994 re-enactment of section 905.27 was unconstitutional.[1] The trial court agreed with Knight and declared the re-enacted section 905.27 unconstitutional because it faded to include a “public necessity statement” as outlined by Article I, Section 24 of the Florida Constitution. As a result, the trial court ordered the state to produce the testimony of all witnesses who appeared before the grand jury.
On November 3, 1992, the voters of this state amended Article I, Section 24 of the Constitution to specifically subject both the executive and judicial branches of government to the public records disclosure requirement codified at section 119.07, Florida Statutes (1993). However, not every record is open to inspection and copying. Specifically, Article I, Section 24(c) provides as follows:
(c) This section shall be self-executing. The legislature, however, may provide by general law for the exemption of records from the requirements of subsection (a) and the exemption of meetings from the requirements of subsection (b), provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law.
Thus, the foregoing section allows the legislature to exempt certain records from public disclosure so long as the law states “with specificity the public necessity justifying the exemption.”
Section 905.27 permits disclosure of the substance of testimony heard before a grand jury if ordered by a court for certain identifiable reasons, including:
(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;
(b) Determining whether the witness is guilty of perjury; or
(c) Furthering justice.
The re-enactment of section 905.27 did not set forth a statement of public necessity within the meaning of Article I, Section 24(c) *346 of the Florida Constitution. The trial court utilized this lack of a public necessity statement in declaring section 905.27 unconstitutional.
The trial court, however, departed from the essential requirements of law in determining that section 905.27 was subject to the constitutional requirements set forth in Article I, Section 24. Section 905.27 does not provide a public records exemption for grand jury testimony; such an exemption is contained within section 905.17. Section 905.17(1) provides:
The notes, records, and transcriptions [of the grand jury] are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and shall be released by the clerk only on request by a grand jury for use by the grand jury or on order of the court pursuant to s. 905.27.
More importantly, in re-enacting section 905.17, the legislature did set forth a statement of public necessity as prescribed by Article I, Section 24(e) of the State Constitution:
The Legislature finds that the exemption from the public records law of stenographic records, notes and transcriptions made by a court reporter or stenographer during sessions of a grand jury is a public necessity in that release of such records would greatly hamper the proper functioning of our grand jury system by eliminating the secrecy surrounding grand jury proceedings and exposing the witnesses and grand jurors to potential retribution and outside influence.
Ch. 94-74, § 2, Laws of Fla. Thus, section 905.27 clearly complies with the public necessity requirement contained in Article I, Section 24(e).
In conclusion, the purpose of section 905.27 is to provide a limited exception to the public records exemption contained in section 905.17. Section 905.17 provides the general exemption from section 119.07 and thus is subject to the requirements of Article I, Section 24(c). While section 905.17 provides the general exemption for grand jury materials, section 905.27 merely encompasses an exception to the exemption contained in section 905.17.Nothing in Article I, Section 24 requires exceptions to a public record exemption to contain a public necessity statement. Thus, because section 905.27 does not provide an exemption to the public records requirement located at section 119.07, it is not subject to the requirements contained in Article I, Section 24(c). Accordingly, the trial court departed from the essential requirements of law in reaching a contrary determination and in declaring section 905.27 unconstitutional for lack of a public necessity statement.[2]
The state’s petition for certiorari is granted and the trial court order under review is quashed.
PETITION GRANTED.
DELL and POLEN, JJ., concur.

. Section 905.27 was part of the numerous statutes repealed on October 1, 1994, pursuant to the Open Government Sunset Review Act, located at section 119.14. That same day, the legislature re-enacted several statutes including section 905.27. The substance of section 905.27 remained the same after the 1994 re-enactment.

. We decline to consider whether the public necessity statement contained in section 905.17 is overly broad because that issue was never before the trial court.