Mr. Richard A. Harrison Hillsborough County Hospital Authority Attorney Post Office Box 2111 Tampa, Florida 33601
Dear Mr. Harrison:
On behalf of the Hillsborough County Hospital Authority, you ask the following questions:
1. Is the Employee Advisory Committee of the Hillsborough County Hospital Authority subject to Article I, section 24(b), Florida Constitution, and section 286.011, Florida Statutes?
2. Are the records of the Employee Advisory Committee of the Hillsborough County Hospital Authority subject to Article I, section 24(a), Florida Constitution, and Chapter 119, Florida Statutes?
In sum:
1. The Employee Advisory Committee, established pursuant to special law with the authority to make recommendations to the Hillsborough County Hospital Authority, is subject to section286.011, Florida Statutes, and Article I, section 24(b), Florida Constitution.
2. The records of the Employee Advisory Committee are subject to Chapter 119, Florida Statutes, and Article I, section 24(a), Florida Constitution.
You state that the Hillsborough County Hospital Authority (authority) is a public body created pursuant to Chapter 80-510, Laws of Florida. The act creating the authority has been amended from time to time and one such act, among other things, authorized the creation of the Employee Advisory Committee:
(4) An employee advisory committee is hereby authorized to be elected by employees in the various health care facilities. The number of members and distribution among departments and the method of their election shall be determined by the authority to assure representation from each facility. . . . Meetings of the employee advisory committee shall be held at least quarterly. Suggestions by the employees advisory committee relating to personnel matters shall be considered by the authority. The employee advisory committee will be the medium and serve as a continuous and meaningful exchange of ideas and practical solutions to the personnel matters between the authority and employees.[1]
You have advised this office that the committee is represented at meetings of the authority's governing board by the committee chairman, who interacts directly with the governing board with respect to personnel matters. You further state that it is your opinion that the committee is subject to section 286.011 and Chapter 119 of the Florida Statutes, as well as Article I, section24 of the Florida Constitution.
Question One
Article I, section 24(b), Florida Constitution, provides:
All meetings of any collegial public body of the executive branch of state government or of any collegial public body of a county, municipality, school district, or special district, at which official acts are to be taken or at which public business of such body is to be transacted or discussed, shall be open and noticed to the public . . . except with respect to meetings exempted pursuant to this section or specifically closed by this Constitution.[2]
The courts have recognized that Article I, section 24, Florida Constitution, has elevated to constitutional status the public's right to government in the sunshine that had previously been recognized by statute.[3]
Section 286.011(1), Florida Statutes, Florida's Government in the Sunshine Law, provides:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
The Sunshine Law has been held applicable to advisory boards or committees whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way.[4] This office, for example, in Attorney General Opinion 92-26 concluded that a personnel advisory committee, responsible for making recommendations to the city council, was subject to section 286.011, Florida Statutes.
A limited exception to the applicability of the Sunshine Law to advisory committees has been recognized for committees established for fact-finding only. When a committee has been established strictly for, and conducts only, fact-finding activities, i.e., strictly information gathering and reporting, the activities of that committee are not subject to section 286.011, Florida Statutes.[5] Thus, this office concluded that an "agenda preparation group" whose duties were limited to "factfinding pertaining to School Board agenda items, including any necessary supportive information as backup to assist the Board in its deliberations" was not subject to the Sunshine Law since there was no indication that the group made recommendations to the school board or otherwise participated in the decisionmaking process.[6]
When, however, a committee possesses or exercises not only the authority to conduct fact-finding but also to make recommendations, the committee is participating in the decision-making process and is subject to the Sunshine Law.
The Employees Advisory Committee was created by a special act that provides that the authority shall determine the number of members, their distribution among departments, and the method of their election. The special act contemplates that the committee will make recommendations to the authority that "shall be considered by the authority." You have advised this office that the committee "continuously make[s] recommendations directly to the governing board [of the authority] with respect to personnel matters."
In light of the above, it appears that the committee is subject to section 286.011, Florida Statutes. Similarly, the committee would also appear to be subject to the provisions of Article I, section24(b), Florida Constitution, as a collegial body of a special district.
While the Legislature has created several exemptions to the requirements of the Sunshine Law for various hospital activities, I am not aware of, nor have you drawn my attention to, any provision exempting the activities of the committee from either section 286.011 or Article I, section 24(b).[7] Although the committee considers personnel matters, that does not, in and of itself, remove the committee's activities from the provisions of either section 286.011 or Article I, section 24(b). The courts and this office have repeatedly held that meetings of public boards or commissions at which personnel matters are discussed are subject to the open meetings requirements in the absence of a specific statutory exemption.[8]
Accordingly, I am of the opinion that the Employee Advisory Committee, established pursuant to special law with the authority to make recommendations to the Hillsborough County Hospital Authority, is subject to section 286.011, Florida Statutes, and Article I, section 24(b), Florida Constitution.
Question Two
Article I, section 24(a), Florida Constitution, provides:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes . . . counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.[9]
Chapter 119, Florida Statutes, Florida's Public Records Law, establishes a right of access to records of agencies made or received pursuant to law or ordinance or in connection with the transaction of official business.[10] As with the Sunshine Law, the Public Records has been held applicable to publicly created advisory boards that make recommendations to public agencies.[11]
As discussed in Question One, the committee was created by special act of the Legislature. The authority is responsible for determining the number of committee members, what departments the committee members will select from, and the method of the committee members' election. The committee makes recommendations to the authority. Accordingly, the committee appears to be subject to Chapter 119, Florida Statutes, and Article I, section 24(a), Florida Constitution. As in the previous question, I am not aware of, nor have you brought to my attention, any statute that would exempt the records of the committee or make such records confidential.[12]
Accordingly, I am of the opinion that the records of the Employee Advisory Committee are subject to Chapter 119, Florida Statutes, and Article I, section 24(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 1, Ch. 82-299, Laws of Florida, amending s. 8, Ch. 80-510, Laws of Florida. Section 2 of Ch. 82-299, supra, provided for the repeal of s. 8, Ch. 80-510, supra, on July 1, 1984; the section, however, was revived and readopted. See, Ch. 84-441, Laws of Florida.
[2] See, Art. I, s. 24(c), Fla. Const., authorizing the Legislature to provide by general law for the exemption of records and meetings from the requirements of subsections (a) and (b), respectively. And see, Art. I, s. 24(d), Fla. Const., stating that all laws in effect on July 1, 1993, limiting public access to records or meetings shall remain in force until repealed.
[3] See, e.g., Monroe County v. Pigeon Key Historical Park,647 So.2d 857 (Fla. 3d DCA 1994).
[4] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974); Spillis Candela Partners, Inc. v. Centrust Savings Bank, 535 So.2d 694 (Fla. 3d DCA 1988); Op. Att'y Gen. Fla. 95-06 (1995) (hospital advisory body).
[5] See, e.g., Cape Publications, Inc. v. City of Palm Bay,473 So.2d 222 (Fla. 5th DCA 1985); Bennett v. Warden, 333 So.2d 97
(Fla. 2d DCA 1976).
[6] See, Inf. Op. to Joseph Centorino, February 4, 1994.
[7] See, e.g., s. 395.0193(6), Fla. Stat. (1995) (peer review panels, committees, and governing bodies relating to disciplinary actions exempt); s. 395.0197(12), Fla. Stat. (1995) (committees held for purpose of achieving goals of risk management exempt).
[8] See, e.g., Op. Att'y Gen. Fla. 89-37 (1989) (meeting of commissioners to conduct job interview, job evaluations, and job terminations subject to Sunshine Law); Op. Att'y Gen. Fla. 84-70 (1984) (staff grievance committee created to make nonbinding recommendations to county administrator regarding disposition of employee grievances). And see, Palm Beach County Classroom Teacher's Association v. School Board of Palm Beach County,411 So.2d 1375 (Fla. 4th DCA 1982) (affirming lower court order refusing to exclude newspaper reporter from grievance hearing). Cf., Art. I, s. 23, Fla. Const., recognizing a right of privacy against governmental intrusion but providing that the section "shall not be construed to limit the public's right of access to public records and meetings as provided by law."
[9] See, n. 2, supra. And see, State v. Knight, 661 So.2d 344
(Fla. 4th DCA 1995) (Art. I, s. 24, Fla. Const., specifically subjects both the executive and judicial branches of government to public records disclosure codified at s. 119.07, Fla. Stat. but allows Legislature to exempt certain records from public disclosure so long as the law states with specificity the public necessity justifying the exemption).
[10] See, s. 119.07(1)(a), Fla. Stat. (1995), requiring custodians of public records to permit the inspection or copying of such records at reasonable times and under reasonable conditions. And see, s. 119.011(1), Fla. Stat. (1995), defining "public records"; and s. 119.011(2), Fla. Stat. (1995), defining "agency" to include, among others,
any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law . . . and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[11] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974) (publicly created advisory board subject to s. 286.011
would also be an "agency" whose records must be disclosed in the absence of a statutory exemption); Inf. Op. to Paul J. Nicoletti, November 18, 1987 (council formed by eleven public agencies to study and make recommendations on local governmental issues was an "agency" for purposes of Ch. 119).
[12] Cf., Michel v. Douglas, 464 So.2d 545 (Fla. 1985) (public hospital's personnel records subject to inspection unless expressly exempted); Forsberg v. Housing Authority of the City of Miami Beach, 455 So.2d 373 (Fla. 1984).