Mr. Paul R. Gougelman, III General Counsel Brevard Metropolitan Planning Organization Reflections on the River, Suite 303 1499 South Harbor City Boulevard Melbourne, Florida 32901
Dear Mr. Gougelman:
On behalf of the Brevard Metropolitan Planning Organization, you ask substantially the following question:
Must members of a metropolitan planning organization (MPO) who also serve as city council members separately notice an MPO meeting when they plan to discuss upcoming MPO matters at an advertised city council meeting?
In sum:
Separate notice of a meeting of the metropolitan planning organization is not required when discussion of matters that may foreseeably come before the MPO occurs at an advertised, public meeting of a city council, of which two or more members are exofficio members of the MPO, provided the agenda reflects that the purpose of such a meeting is to discuss MPO matters.
You set forth the following factual situation. A five-member city council has appointed three of its members to serve as voting members of the governing board of a metropolitan planning organization. In order to enable the city council members who are MPO members to brief the city council on upcoming MPO issues and to discuss their positions on matters that will be before the MPO at forthcoming meetings, the city council has proposed that such items be placed on the agenda for the noticed city council meeting. The city council meetings are noticed, recorded, and open to the public. However, there is no advertisement for a meeting of the MPO and there is concern that the meeting of the council members who are also MPO members would be in violation of the Sunshine Law.
Section 286.011(1), Florida Statutes, Florida's Government in the Sunshine Law, provides:
"All meetings of any board or commission of . . . any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
The statute applies to public collegial bodies at both the state and local level.[1] Florida courts have stated that it was the Legislature's intent to extend the requirements of the Sunshine Law to "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[2] There is no question, however, that the Government in the Sunshine Law is applicable to meetings of the MPO.
The Sunshine Law's application is not limited to meetings at which final, formal actions are taken. It applies to "any gathering of members where members deal with some matter on which foreseeable action will be taken by the board."[3] Moreover, Florida courts have stated that it is the entire decision-making process that is covered, not merely meetings where a final vote is taken.[4]
In Attorney General Opinion 91-95, a similar situation was addressed. A county commissioner was a member of a county board and another commissioner planned to attend a meeting of the county board in order to discuss matters that would foreseeably come before the county commission. While no notice of a county commission meeting had been given, this office found no clear violation of the Sunshine Law, since notice of the meeting had been given to the public. This office concluded, however, that it may be advisable to include notice of the possible attendance and participation of county commission members in the proceedings of the county board, in order to fully inform the public of the nature of the meeting.
The opinion advised that where two or more boards or commissions are holding a joint meeting, the notice provided to the public should clearly state its joint nature. It was stated, however, that section 286.011, Florida Statutes, does not require that notice designate a meeting of a county board or agency as one held jointly with the county commission merely because members of the county commission may be in attendance or may enter into discussions on matters that may subsequently come before the commission.
The situation you have described, however, is distinguishable in that the purpose of the city council meeting is to facilitate discussions among the commissioners who are not members of the MPO and the MPO member commissioners to decide what positions to take on matters that will be discussed and voted on at future MPO board meetings. Clearly, the discussions among the MPO members would be part of their decision-making process and thus subject to the Sunshine Law. However, the MPO members are acting in their capacity as city council members and are not attempting to meet in secret. Rather, the discussions are taking place at a public, duly noticed meeting at which minutes are being recorded.
This office has stated that "reasonable notice" contemplates that an agency will give notice at such time and in such manner as will enable interested members of the public to attend the meeting if they wish to do so.[5] In light of your statement that the purpose of the city council meeting is to enable the council members to discuss matters that may foreseeably come before the MPO and that three members of the city council are ex officio members of the MPO, it would be appropriate for the notice of such meeting to inform the public that issues pertaining to the MPO are on the commission's agenda. It does not appear, however, that the meeting could be characterized as a joint meeting of the city council and the MPO, merely because three of the council members are exofficio MPO members.
A review of the statutes governing the creation of metropolitan planning organizations evidences a recognition that local government officers serving ex officio on the MPO represent the local governing bodies that would, in the course of carrying out their purposes, be involved in matters considered by the MPO.[6]
Therefore, the discussion of a matter by a local governing body in order to determine its position when such matter comes before the MPO would not make the meeting of the local governing body a meeting of the MPO that would have to be separately noticed.
Accordingly, it is my opinion that the city council may discuss matters that will foreseeably come before the metropolitan planning organization with the ex officio MPO members of the council at a noticed, public meeting of the city council, where such notice indicates the subject of the meeting.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[2] Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2d DCA 1969), disapproved in part on other grounds, Neu v.Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985).
[3] Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Canney v. Board of Public Instruction ofAlachua County, 278 So.2d 260 (Fla. 1973).
[4] See, Times Publishing Company v. Williams, 222 So.2d 470,473 (Fla. 2d DCA 1969), in which the court stated:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
[5] See, e.g., Ops. Att'y Gen. Fla. 91-90 (1991), 80-78 (1980), and 73-170 (1973).
[6] See, s. 339.175(4), Fla. Stat., stating:
"The authority and responsibility of an M.P.O. is to manage a continuing, cooperative, and comprehensive transportation planning process that results in the development of plans and programs which are consistent, to the maximum extent feasible, with the approved local government comprehensive plans of the units of local government the boundaries of which are within the metropolitan area of the M.P.O. An M.P.O. shall be the forum for cooperative decisionmaking by officials of the affected governmental entities in the development of the plans and programs required by subsections (5), (6), (7), and (8)."