As County Attorney for Washington County, Florida, you request an opinion from this office on substantially the following question:
Is it a violation of the Government in the Sunshine Law for two Washington County Commissioners who are also board members for the West Florida Regional Planning Council to attend and participate in planning council meetings when planning council issues may subsequently arise at county commission meetings?
According to information you have supplied to this office, two Washington County Commissioners serve as board members of the West Florida Regional Planning Council. Your letter points out that these county commissioners might discuss a matter at a regional planning council board meeting that could come before the county commission at a later time. In addition, meetings of the planning council take place in Pensacola, some distance from Washington County. Under these circumstances you have asked whether a violation of the Government in the Sunshine Law may occur. The West Florida Regional Planning Council has been advised of your questions and joins in your request for an Attorney General's Opinion.
The "Florida Regional Planning Council Act," sections 186.501 —186.513, Florida Statutes, authorizes the creation of regional planning councils in each of the several comprehensive planning districts of the state in order to effectively carry out a wide variety of federal and state program designations and to avoid a proliferation of overlapping, duplicating, and competing agencies.[1] The declared purpose of the act is to establish a common system of regional planning councils for areawide coordination and related cooperative activities of federal, *Page 3 
state, and local governments; ensure a broad-based regional organization that can provide a truly regional perspective; and enhance the ability and opportunity of local governments to resolve issues and problems transcending their individual boundaries.[2]
Regional planning councils serve as the primary organizations to address problems and plan solutions that are of greater than local concern, and it is through the regional planning councils that local governments may provide input into state policy development.[3] While the councils do not act as a permitting or regulatory entity, they are recognized as the multipurpose regional entity that is in a position to plan for and coordinate intergovernmental solutions to growth-related problems on greater-than-local issues, provide technical assistance to local governments, and meet other needs of the communities in each region.[4]
Regional planning councils must prepare and submit to the Executive Office of the Governor a proposed comprehensive regional policy plan, addressing significant regional resources, infrastructure needs, or other important issues within the region as well as specifying regional issues that may be used in reviewing a development of regional impact.[5] Based on this authority, the Attorney General's Office has concluded that regional planning councils act on behalf of the state in implementing state policies regarding growth management.[6]
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, states:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.
The statute applies to public collegial bodies at the state and local levels.[7] Florida courts have stated that the requirements of the Sunshine Law are intended by the Legislature to extend to "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[8] Thus, *Page 4 
both the Washington County Commission and the West Florida Regional Planning Council are subject to the requirements of the Sunshine Law.
Application of the Sunshine Law is not limited to meetings at which final, formal action is taken. It applies to any gathering where members deal with some matter on which foreseeable action will be taken by the board.[9] Moreover, Florida courts have stated that it is the entire decision-making process that is covered, not merely meetings where a final vote is taken.[10]
You have described a situation similar to that considered in Attorney General Opinion 98-14. In that opinion, this office was asked whether the members of a metropolitan planning organization (MPO) who also served as city council members should separately notice an MPO meeting when they planned to discuss upcoming MPO matters at an advertised city council meeting. In that opinion it was clear that discussions among the MPO members would be part of their decision-making process and thus, would be subject to the Sunshine Law. However, the MPO members were acting in their capacity as city council members and were not attempting to meet in secret. Rather the discussions were taking place at a public, duly noticed meeting at which minutes were being recorded.
As that opinion notes, "reasonable notice" contemplates that an agency will give notice at such time and in such manner as will enable interested members of the public to attend the meeting if they wish to do so.[11] I assume that meetings of the West Florida Regional Planning Council are properly noticed and minutes are taken as required by section 286.011, Florida Statutes. While two county commissioners are presently serving on the planning council, this service does not turn a meeting of the planning council into a county commission meeting, and the Sunshine Law does not require any additional or different notice of planning council meetings because of the presence of these county commission members.[12] In fact, Chapter 186, Florida Statutes, clearly recognizes that local government officials will serve on regional planning councils and that issues involving local governments will be discussed at regional planning council meetings.[13]
With regard to whether the service of these county commissioners on the regional planning council may violate the Government in the Sunshine Law, I reiterate that Chapter 186, Florida Statutes, specifically *Page 5 
requires that representatives of member local general-purpose governments be members of the council[14] and authorizes regional planning councils to exercise such powers as advising local governments in planning matters and contracting with local governments to provide services as may be requested by local governments.[15] Thus, the Legislature recognizes that matters which are discussed at regional planning council meetings will also be topics of discussion at local general-purpose government meetings.
In sum, it is my opinion that two Washington County Commissioners who are also board members for the West Florida Regional Planning Council may take part in council meetings and express their opinions without violating the Sunshine Law. However, these officials should not discuss or debate these issues with one another outside the Sunshine as either county commissioners or as regional planning council members.
[1] See s. 186.502(1)(c), Fla. Stat. The comprehensive planning districts are geographic areas within the state designated by the Executive Office of the Governor. See s. 186.503(1), Fla. Stat.
[2] Section 186.502(2), Fla. Stat.
[3] Section 186.502(3), Fla. Stat.
[4] See s. 186.502(4), Fla. Stat.
[5] Section 186.508(1), Fla. Stat. This regional policy plan contains regional goals and policies regarding growth management and must be consistent with the adopted state comprehensive plan. Section186.507(1), Fla. Stat.
[6] See Op. Att'y Gen. Fla. 01-28 (2001).
[7] See City of Miami Beach v. Berns, 245 So. 2d 38 (Fla. 1971) and Ops. Att'y Gen. Fla. 98-14 (1998).
[8] Times Publishing Company v. Williams, 222 So. 2d 470, 473 (Fla. 2d DCA 1969), disapproved in part on other grounds, Neu v. Miami HeraldPublishing Company, 462 So. 2d 821 (Fla. 1985).
[9] See Board of Public Instruction of Broward County v. Doran,224 So. 2d 693 (Fla. 1969); Canney v. Board of Public Instruction of AlachuaCounty, 278 So. 2d 260 (Fla. 1973), Ops. Att'y Gen. Fla. 00-68 (2000) and 98-79 (1979).
[10] See, Times Publishing Company v. Williams, 222 So. 2d 470, 473
(Fla. 2d DCA 1969), in which the court stated:
"Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."
[11] See, e.g., Ops. Att'y Gen. Fla. 91-90 (1991), 80-78 (1980), and 73-170 (1973).
[12] Cf., AGO 91-95 (1991) in which this office suggested that it may be advisable to include mention in the published notice of a county board meeting of the possible attendance and participation of county commission members in the proceedings of a separate county board or agency. In that opinion one county commissioner sat as a member of the agency and other commission members (who were not board members) wanted to attend or participate in the agency meeting. As the opinion noted, s.286.011, Fla. Stat., should not be read to require that the notice of a public meeting designate a meeting of a county agency or board as one held jointly with the county commission merely because members of the county commission may be in attendance at that meeting or may enter into discussions on matters which may subsequently come before the county commission.
[13] See s. 186.504(2)(a), Fla. Stat., requiring that elected local government officials serve as planning council members and s.186.505(10), (19), and (22), Fla. Stat., describing the powers and duties of the planning councils to include acting in an advisory capacity to constituent local governments in planning matters.
[14] See s. 186.504(2) and (3), Fla. Stat.
[15] Section 186.505(10) and (19), Fla. Stat.