690 So.2d 1339 (1997)
DUNBAR ELECTRIC SUPPLY, INC., Mary Ann Talmadge, and Thomas W. Talmadge, Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY, Florida, Appellee.
No. 96-834.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Rehearing Denied April 23, 1997.
*1340 John A. Margolis, Miami, for appellants Dunbar Electric Supply, Inc. and Mary Ann Talmadge.
Thomas W. Talmadge, in pro. per.
Twila Hargrove Payne, for appellee.
Before COPE and GODERICH, JJ., and BARKDULL, Senior Judge.
COPE, Judge.
Appellants Dunbar Electric Supply, Inc., Mary Ann Talmadge and Thomas W. Talmadge appeal orders entered by the Florida Division of Administrative Hearings and the School Board of Dade County.
We conclude that School Board Rule 6Gx13-3C-1.08, as amended, is a valid exercise of delegated legislative authority. The School Board and the hearing officer properly rejected appellants' challenges to the validity of the Rule. See §§ 230.03, 230.22(2), 230.23(2), 237.02(1)(a), Fla.Stat. (1995); Fla.Admin.Code R. 6A1.012.
Appellants have made claims against the School Board on the premise that the School Board violated subsection 120.53(5), Florida Statutes (1995), relating to "resolution of protests arising from the contract bidding process." Id. Appellants point out that subsection 120.53(5), Florida Statutes, is applicable for purchasing which takes place under chapter 287, Florida Statutes. Appellants argue that School Board purchasing is governed by part I of chapter 287, Florida Statutes. The parties agree that (with one exception) chapter 287, part I, is addressed to the executive branch of state government.[1]See id. §§ 287.001, 287.012(1). Appellants claim that school boards are part of the executive branch of state government.
Appellants are incorrect. School boards are constitutional entities created by Article IX, Section 4 of the Florida Constitution. School boards do not fall within the executive branch of the state government. Op. Att'y.Gen.Fla. 84-68 (1984); See Art. II, § 3, Art. IV, Art. IX, § 4, Fla. Const.; ch. 20, Fla.Stat. (1995); see also Canney v. Board of Public Instruction, 278 So.2d 260, 263 (Fla. 1973). That being so, part I of chapter 287 does not apply to the School Board.[2] This in turn means that the School Board is not covered by subsection 120.53(5), Florida Statutes, and relief under that subsection was correctly denied.
We find no merit in appellants' remaining arguments on appeal.
Affirmed.
NOTES
[1] The School Board concedes that it is covered by section 287.055, Florida Statutes, which regulates the purchase of certain professional services, because by its express terms, section 287.055 applies to school boards. See id. § 287.055(2)(b). That provision has no application to the present case, because the present case involves the School Board's purchase of electrical supplies.
[2] Subject to the exception mentioned in footnote 1.