DAKAN, STEPHEN L., Associate Senior Judge.
 

 This is a consolidation of the appeals by Dealer Tag Agency, Inc., from the final summary judgment entered by the trial court. That judgment declared void as a matter of law a contract awarded to Dealer Tag by the Hillsborough County Tax Collector’s Office. Because we find that the trial court incorrectly ruled that the process used by the Tax Collector to award the disputed contract was governed by the provisions of chapter 287, Florida Statutes (2007), and chapter 120, Florida Statutes (2007), we reverse.
 

 Pursuant to the provisions of section 320.03, the Tax Collector is an agent of the State of Florida Department of Highway Safety and Motor Vehicles (DHSMV) authorized to issue motor vehicle license plates and the required registration. The Tax Collector decided to provide automobile dealers in the area with an alternative to dealing directly with that office and sent out a request for proposal which included a description of the project and the application and approval procedures. Dealer Tag and First Hillsborough County Auto Tag Agency, Inc., were among the applicants, and Dealer Tag was awarded the contract.
 

 When First Hillsborough tried to protest the award, it was informed by the Hillsborough County Attorney that the Tax Collector had no bid protest procedures. First Hillsborough filed suit alleging several claims, but at the hearing on the parties’ motions for summary judgment, the only issue was First Hillsbor-ough’s claim that the Tax Collector’s request for proposal did not comply with the provisions of chapter 287 and, by extension, the provisions of chapter 120. Agreeing with First Hillsborough, the trial court
 
 *1240
 
 entered the final summary judgment which is the subject of this appeal.
 

 Although Dealer Tag’s role in these proceedings is that of a party to a contract voided by the trial court’s final summary judgment, the real issue is the trial court’s conclusion that the provisions of chapters 287 and 120 apply to the request for proposal sent out by the Tax Collector. The central reason for that conclusion seemed to be that because the Tax Collector is an agent of the DHSMV under the provisions of section 320.03, the Tax Collector is, therefore, a “state agency.”
 

 We find, however, that the Tax Collector is a constitutional entity created by article VIII, section 1(d) of the Florida Constitution and is not a “state agency” that is part of the executive branch of the state government. The fact that the Tax Collector is described as an “authorized agent” of the DHSMV for the provisions of section 320.03 does not make it a state agency for the provisions of chapters 287 and 120.
 

 The almost identical issue was considered by the
 
 Dunbar Electric Supply, Inc. v. School Board of Dade County,
 
 690 So.2d 1339 (Fla. 3d DCA 1997). In that case, the appellant was the unsuccessful bidder for a school board contract for electrical supplies. The appellant argued that school boards are a part of the executive branch of the state government and, therefore, the provisions of chapter 287 applied to the Board’s purchase procedures. The Third District held that school boards are constitutional entities created by article IX, section 4 of the Florida Constitution and do not fall within the executive branch of the state government. Consequently, chapter 287 did not apply to the school board.
 

 In a footnote, the Third District observed that while the school board conceded that a portion of chapter 287 applied to it, that portion had no application to the case on appeal, because that portion expressly covered the school board. The case on appeal was not covered by that section and, therefore, did not affect the court’s ruling.
 

 In this case, neither the provisions of section 320.03 nor chapter 287 expressly apply to the Tax Collector. Because the Tax Collector is a constitutional entity and not a “state agency,” the provisions of chapter 287 and 120 do not apply to that office.
 

 Reversed.
 

 ALTENBERND and LaROSE, JJ., Concur.